JONES v. J. & W. PARK.

1. A vendor having sold a slave to two different purchasers, is a competent witness in an action between them for title to the slave, his interest being equally balanced.
2 Though one party be indemnified by the vendor, he is still a competent witness; the objection goes to his credit.
3. In a suit between the two purchasers for the slave, an indemnity given to one, after his purchase by the vendor, is not relevant testimony, and is therefore inadmissible.

THIS was an action of detinue for a negro, brought on the 1st October, 1824, by J. and W. Park, as copartners, against Jesse Jones, in the Circuit Court of Franklin county. The general issue was pleaded, and at the October term, 1826, a verdict was found for the plaintiffs for the negro, or $500. his value, and $150 damages for detention. By a bill of exceptions taken by the defendant, it appears that the negro belonged originally to one James M'Culloch. The plaintiffs gave in evidence a covenant of hiring made by said M'Culloch to the plaintiffs, in Knoxville, Tennessee, where the parties resided, whereby he promised to pay them five dollars per month for the hire of the negro, and to deliver him up to them on demand. They also proved the identity of the slave, value, demand and refusal, &c. and closed their case. The defendant then proved that on the 9th of March, 1821, said M'Culloch, in Tennessee, made a deed of trust for four negroes, the one in controversy being one of them, to one W. Mynatt as trustee, to secure the payment of a note for $1336 45, of the same date, due by M'Culloch to J. and W. Park, payable six months after date. By this deed, M'Culloch was to remain in possession of the negroes till default was made in the payment of the note. On the 11th June, 1822, the trustee, by the instructions of M'Culloch, sold the four slaves absolutely to J. and W. Park for $1200, which sum was credited on the note. He also proved that after the contract of hiring, M'Culloch moved to this State with the negro, and had him here in possession about twelve months, when he sold him to Jones, the defendant. The defendant offered to introduce as a witness on his part, M'Culloch, the same person who had hired the negro and sold him to Jones. The plaintiffs objected to his competency, which objection the Court sustained. The plaintiffs then

JANUARY 1828.

Jones
v.
J. & W. Park.

offered as rebutting testimony, to shew that Jones had no-
tice of the plaintiffs' claim, and that he was indemnified,
a certain conditional bill of sale of furniture, &c. for the
sum of $310, dated 14th May, 1824, the condition of
which was, that whereas M'Culloch had sold the negro
to Jones, and the title appeared to be in doubt, if said
M'Culloch should secure to Jones a good legal and equi-
table title to the negro, then to be void, but should he
fail to secure the title, and said negro be recovered by
due course of law from Jones, then to be in full force;
which, though objected to, the Court permitted to be read.

The errors assigned by Jones, who brought the cause
here, are, that the Court improperly rejected M'Culloch
as a witness for him, and that the conditional bill of sale
of the furniture was suffered to be read to the jury as
evidence.

KELLY, HUTCHINSON and MARTIN, for the plaintiff in
error, contended that M'Culloch, the vendor of the pro-
perty, was competent to testify. As his interest was
balanced, it made no difference to him to which party he
was bound for the value of the property.[a] And that
whether Jones had acquired any indemnity or not from
M'Culloch was not material to the issue, and could not
make his title better nor worse; it was, therefore, irrele-
vant and inadmissible.

HOPKINS, for the defendants.

a 1 Phillips' Ev.
64-5-6.

## By JUDGE GAYLE.

IN the argument it was contended, that the defendant
below had no right to have M'Culloch sworn as a witness,
without stating the particular facts intended to be proved
by him; for he was incompetent to prove some facts that
were involved in the investigation, such as went to es-
tablish the validity or nullity of his own deed of sale. It
seems to the Court, that the true question before the
Court below was, whether M'Culloch's interest was so
equally balanced between the parties as to remove the
temptation to perjury, which the law presumes to exist
whenever the witness is directly interested in the event
of the suit. He had sold the slave to both plaintiffs and
defendant, and was accountable to whichever might fail
in the suit. No reason can be discovered why the ob-
jection could not as well be made by the one as the other
of the parties. There was no legal inducement for the
witness to incline to either side; and the entire equipoise

of interest rendered him as competent as if he had been a stranger to the suit. It is said, however, that the indemnity given to Jones, destroyed the indifference he might otherwise have felt, and made him directly interested in the success of the defendant below. The record shews that when the witness was offered, the indemnity was not known to the Court, and he must have been rejected without any reference to the objection it might have interposed. And even after the said indemnity was given in evidence, it does not appear that the said witness was offered. But if this could have weighed any thing on the mind of the Court, or if it had been insisted on as an objection to the witness, it was only a circumstance affecting his credit, and did not render him at all incompetent. He was left equally liable to both parties and to the same extent, though Jones might have enforced payment by means of the indemnity sooner than could have been done by the Parks.

As to the other assignment of error, that the deed of indemnity was improperly admitted in evidence, the Court are of opinion that it was not pertinent to the issue, and could have had no tendency to prove any fact material in the cause. It could not shew that Jones had notice of the Parks' title, for it was given long after M'Culloch moved to this State, and after he had sold the slave to Jones. The only effect it could have had was to influence the jury to find in favor of the plaintiffs, on account of their want of a similar indemnity, which was wholly immaterial to the issue between the parties.

JUDGE WHITE not sitting.

Reversed and remanded.