## POWELL, ET AL. v. POWELL, ADM'RX.

1. A writ of error cannot be sued out upon *directions to the master as to the effect* of certain allegations and exhibits in the answer, where the reference does not finally dispose of the cause.
2. One co-legatee cannot make herself a competent witness to increase the distributive sum of her co-legatees, by releasing to them her interest in the legacy; and her deposition, under such circumstances, may properly be suppressed.
3. When an account is called for by the bill, and given in the answer, it is responsive matter, and entitled to be considered as evidence.

Writ of error to the Court of Chancery for the 12th District, of the Southern division.

This bill was filed by Thomas A. Powell and others, claiming to be the devisees of Drury Powell, deceased, against Martha A. Powell, as administratrix of Seymour Powell, deceased, who in his lifetime was the sole executor of the will of the said Drury Powell.

The case made by the bill is, that the intestate of the defendant qualified as the sole executor of the will of Drury Powell, and proceeded to settle his estate in the progress of which he received large sums of money, and subsequently died, without having settled with the legatees under the will. This will is made an exhibit, and from that it appears that Nancy W. Powell, the widow of the testator, is made a legatee in common with his four children, of all his estate, not specifically bequeathed. Mrs. Powell is not a party to the bill, and it is charged, that she has assigned and transferred her interest in the estate, (having subsequently married one Keener, who died, leaving her surviving,) to the co-legatees, who are the only complainants. The bill charges, that Seymour Powell in his lifetime kept accounts of the receipts and disbursements of the estate, and prays that they may be exhibited.

The answer of the defendant denies that any considerable sum is due from the estate of her intestate on account of his administration of Drury Powell's estate. Admits that a balance of about thirty dollars remained in his hands unaccounted for at the time of his death, and asserts that she, as his administratrix, has always been willing to pay this, but that the complainants "have refused to settle, on this basis, as they claim from her, as administratrix, more than twelve hundred dollars." She sets out an account stated by her intestate in his lifetime, showing a sum due from the estate of Drury Powell to him, and states another from memoranda, sale bills, &c. in the possession of her intestate in his lifetime, and many in his handwriting, showing a balance due the legatees as before stated.

The deposition of Mrs. Keener, otherwise Mrs. Nancy W. Powell, was taken on behalf of the complainants, in which she testifies to the admissions of Powell in his lifetime, that

the sum of twelve hundred dollars was in his hands for distribution to the legatees. Other witnesses were examined on the part of the defendant, who state facts and circumstances tending to show that Mrs. Keener might possibly have mistaken the admission of Seymour Powell, and that instead of money in his hands for distribution, the twelve hundred dollars, was in notes and assets of the estate, which subsequent to his death, were taken by the administrator *de bonis non* of Drury Powell, and by him collected.

On a motion made to refer the accounts to a master to be stated, and also to suppress the testimony of Mrs. Keener, the Chancellor directed that her deposition should be suppressed, as that of an incompetent witness, and that the account exhibited by the defendant in her answer, as in the hand writing of her intestate, should be received as *prima facie* evidence of the matters therein stated. No final report was made by the master under the reference, but at this stage of the proceedings the complainants sued out their writ of error, and here assign that the Chancellor erred in suppressing the deposition of Mrs. Keener, and also in the directions given to the master.

Thos. Williams, for the plaintiff in error.

Cook, contra, cited Murray v. Mason, 8 Porter, 291; Goodwin v. Lloyd, Ib. 237.

GOLDTHWAITE, J.—1. The writ of error is prematurely sued out, as there is no final decree in the cause. The direction given by the Chancellor upon the reference to the master, is, most probably decisive of the case, but this will not warrant us in assuming that the decree would be for the defendant. The writ of error must be dismissed.

But as the cause is here, and may return upon us again, without some expression of opinion upon the questions raised by the assignments of error, we shall briefly examine them.

2. The deposition of Mrs. Keener was properly suppressed, as she cannot support by her testimony the title in the complainants, which she herself has created. The question indeed is precisely the same as that decided in Murray v. Mason, 8 Porter, 201.

3. The bill calls upon the defendant to exhibit all accounts

and memoranda, made by her intestate in his lifetime in reference to the settlement of the estate, and in her answer she exhibits precisely what is called for. This is certainly responsive matter, and certainly is entitled to at least the weight the Chancellor directed it to have.

We think, therefore, in both matters, the Chancellor was right. Writ of error dismissed.