ISBELL v. BROWN.

1. B, holding a note on L, transferred it to R, by a special contract, provid-
ing for its payment, which R afterwards assigned to I, who brought suit
against B, on the note, and transfer. B introduced a witness, who proved,
that in a certain contingency, certain claims which he held on R, were to
be received and allowed, as payment or set off. Held, that R was a com-
petent witness for I, to prove that no such agreement was made, as he was
no party to the record, and his interest was equally balanced between B
and I. Further, that being competent, he was not rendered incompetent
by a release; and transfer executed by I.

Error to the Circuit Court of Talladega. Before the Hon.
G. W. Stone.

THE plaintiff in error declared in assumpsit against the
defendant, on an instrument in writing, to the effect follow-
ing : "For value received, I transfer and indorse to James
Isbell, to be first paid out of the proceeds of the sale of the
land and mills, which the Longs bought of me in the
year 1840, and for the sale of which said land and mills
I have filed a bill in the chancery court of Talladega, the fol-
lowing described note : $2,000. By the 25th of December,
1842, we or either of us promise to pay Warner Brown, or
order, two thousand dollars for value received, witness our
hands and seals, this the 14th Feb'y, 1840. Signed by John
Long, James Long, and William F. Long. The said note
is entitled to a credit of $415 50. If the said land and mills
do not bring the amount of said note when sold under the de-
cree, then I bind myself to make good the deficiency. Sign-
ed, Warner Brown, by W. W. Knox, his agent." The de-
claration avers, that the land and mills were sold, but yield-
ed nothing to the payment of the note described in the agree-
ment. A trial was had, and a verdict and judgment was
rendered for the plaintiff, but being for less than the plaintiff
claimed, a bill of exceptions was sealed at his instance, and

the questions growing out of the same are here assigned for error.

The facts disclosed by the bill of exceptions may be thus stated: The plaintiff produced, and read to the jury, the agreement before described, and the record of the chancery suit, from which it appeared that the sale of the land and mills yielded nothing to the payment of the note. The defendant then offered as a witness, W. W. Knox, who stated that he executed the instrument sued on, as the agent of the defendant. That the note described in it, and other claims against Alexander Riddle, which are pleaded as off sets to this action, were left with him, the witness, by Warner Brown, when he removed from the state. That the defendant told him, as he was about leaving, that Alexander Riddle had paid him about $1,000 in goods, towards the purchase of the note described in the agreement. That when Riddle paid him the balance due, say $550, the witness was to transfer the note to him, (Riddle.) That after several ineffectual efforts to raise the money, Riddle called on the plaintiff to advance it, and to take the transfer to himself. That agreement was executed by the witness, in the counting room of the plaintiff, in the presence of Riddle and the plaintiff. That before the execution of the agreement, the plaintiff had called on the witness to know what sum he would have to advance, and what amount the note would be certain to realize. That the witness told the plaintiff, if the land and mills brought enough to pay the note, he would receive all that was due on it; but if the plaintiff had to call on Brown for the money, the note would only be good for six or eight hundred dollars, as Riddle owed Brown, and the demands that Brown had against Riddle would reduce the note to about that amount. The plaintiff then paid to the witness $550, and the witness executed to him the transfer and guaranty sued on. This witness also gave testimony tending to show, that it was known, and understood, as a part of the agreement, that if the note was not paid from the proceeds of the land and mills, and Brown was called on for payment, that the demands held by Brown on Riddle, and which were nearly equal to the interest of Riddle in the

note, should be allowed as payments, or off sets. The same witness then gave evidence, and produced the demands against Riddle; to this testimony the plaintiff objected, on the ground that it permitted parol proof to vary the terms of the written contract sued upon, but the objection was overruled, and the plaintiff excepted.

The plaintiff then offered Riddle, being the same person who had advanced on the note about $1,000, to prove that the plaintiff, Isbell, had advanced to him his entire interest in the note, and the contract sued on. And also to prove, that there was no such understanding as was stated by the witness, Knox, at the time of the transfer, nor any thing said about it. The defendant objected to his testifying, and the objection was sustained on the ground of interest. The plaintiff then released the witness, Riddle, from all claim and liability on him, growing out of the advances made by him to the witness, on account of said note and agreement sued on, and the witness transferred to the plaintiff all his interest and claim in said note, and the guaranty thereof; and the plaintiff then proposed, after the execution of the release, and the transfer of the interest of the witness to him, to examine him to the facts before stated. The defendant objected, because the witness was interested, and because it was contrary to public policy to permit a witness to transfer his interest in a *chose in action*, in order to give testimony respecting his title. The objection was sustained, and the plaintiff excepted. The witness also offered one McMillan, to prove that he had advanced to the witness the amount of his interest in the note and the agreement sued on; but his testimony was objected to, and the objection was sustained.

The ruling of the court in permitting the witness, Knox, to testify, and in rejecting Riddle, both before and after the release, as a witness, and the rejection of McMillan's testimony is here assigned as error.

L. E. PARSONS, for plaintiff in error, made the following points:

1. The evidence of Knox varies the contract sued on. What is that contract? "Warren Brown binds himself to make good all deficiency which shall or may accrue to Isbell,
49

in the event the land and mills do not bring the amount of the above described note.

What is the contract which is offered to be proven? In the event the land and mills sell for enough to pay the note, then Isbell would get his pay; but in the event they did not, and the debt came against Brown, then the guaranty would only be good against him for six or eight hundred dollars, because Brown would have off sets against Riddle that would reduce it to that amount. Can a more striking case be put than this, of an attempt to make an entirely new contract by parol evidence?

The reason why it would only be good against Brown for six or eight hundred dollars is wholly immaterial, because if the door is ever opened, or the rule relaxed, there will always be reasons enough.

That this evidence is incompetent, see Brown v. Isbell, 11 Ala. 1020; 3 Phil. Ev. 1473, 1475, and cases cited C. & H's Notes; and the authorities cited in the brief of counsel for defendant in error in 11 Ala. 1020.

The sets off were not shown to be the property of Brown. That payable to Cunningham & Dixon, was in Brown's possession merely. Their indorsement of the note was not proven. This should have been done. Crayton v. Clark, 11 Ala. 787.

Riddle was a competent witness, and he should have been examined. 11 Ala. 884; 5 Ib. 580. And this even before release. Lockett v. Child, 11 Ala· 640; Myatt v. Lockhart & Massey, 9 Ala. 91. See also, 5 Hill, 477, and cases cited.

S. F. RICE, contra.

DARGAN, J.—The first question presented is, that the court erred in permitting the witness, Knox, to testify, that it was a part of the agreement, or transfer of the note, that if the land and mills did not yield enough to pay the note transferred, and the plaintiff should have to look to Brown for payment, that then the demands held by Brown against Riddle should be good off sets, has been settled in this case. In 11 Ala. Rep. 1009, this contract, and this testimony, were before the court, and it was held, that this testimony was

permissible, by way of showing the consideration of the transfer to the plaintiff, Isbell, and for the purpose of limiting his recovery accordingly.  It is sufficient to say, that this decision is the law of this case.  But we think the court erred in rejecting the testimony of Riddle.  The suit was not in his name, nor did his name appear in the record.  He had an interest of one thousand dollars in the note, which interest Brown claimed should be compensated or satisfied by debts to that amount due from Riddle to him.  Isbell claimed, that he had on the faith of that interest, advanced to Riddle the amount of it.  Riddle did not deny either the debts held on him by Brown, or the debt, or advances, made to him by Isbell.  How then did he stand ?  He had a claim of $1,000 in the note.  The defendant says this claim must be extinguished according to the terms of the contract sued on, by the debts Riddle owes me.  The plaintiff says there was no such term in the contract, and I claim to have this interest for advances made to Riddle to the amount of it.

The witness was not called to discharge himself from any debt.  It does not appear that he denied his liability to Brown or to Isbell, for the debts claimed of him; but was offered as a witness, to testify which of his two creditors were entitled to this interest, he had in the note, and the agreement sued on.  His interest was then entirely balanced.  If by his testimony a recovery to the full amount was had, he would still owe Brown the debt.  If he had been offered by Brown as a witness, to prove that the demands Brown held against him were to be allowed as off sets to the contract sued on, he would have been competent for that purpose; for if Brown's demands against Riddle had been allowed as off sets, Riddle would still have owed the amount to Isbell.  The rule is, that a witness is competent, when his interest is balanced, and who will not be benefitted or injured by the result of the suit.

Thus, if the owner of a slave has sold to two different persons, the vendor, in a controversy with his vendees, in respect to the slave, is a competent witness for either.  See Jones v. Park, 1 Stew. Rep. 419; 3 Ala. R. 455.

The release executed by Isbell to the witness, and then the transfer by the witness of his interest in the suit, to Is-

bell, which was done in court pending the trial, did not render the witness incompetent, on the ground of public policy. The case of Powell v. Powell, 7 Ala. Rep. 582, and the case of Houston v. Prewitt, 8 Ala. R. 846, are both distinguishable from this.   In both of these cases, the witness endeavored, by a transfer, and release of his interest, to render himself competent.   This court held, that this was not permissible, on the ground of public policy.   But in the case at bar, the witness was competent to prove the facts, to prove which he was called, before the release and transfer were executed.   But being rejected by the court, the release and transfer were executed to remove the objection, when in fact none existed; as the release and transfer do not vest an interest in the witness, and as he was competent when first called, he is still competent.

For the error in rejecting Riddle as a witness, the cause is reversed and remanded.