## Jacob Miller *against* Frederick Little.

One of the vendors of cattle, who is equally liable to both parties in replevin, allowed to give evidence.

REPLEVIN for 27 head of horned cattle. Defendant's plea, property in himself. Plaintiff replies, property in himself *absque hoc*, &c.

The question in this case turned on a mere matter of fact, whether John and Jacob Werner, to whom the cattle formerly belonged, sold the same to the plaintiff upon credit or not, having received 20s. by way of earnest to bind the bargain. It *was admitted on the part of the defendant, [*27 that some conversation had taken place between them respecting a sale; but he said that the Werners would not sell unless they were paid the ready money, and that finding themselves disappointed by Miller, they afterwards sold the cattle to the defendant for 109l. 7s. 6d. and delivered the same to him.

The deposition of Jacob Werner, one of the vendors, taken

[Miller *v.* Little.]

in pursuance of a rule of the court of Common Pleas, was offered in evidence on the part of the defendant, to shew that a treaty had begun between himself and Miller about the cattle, and that he agreed to sell him the same, provided he paid the cash in a few days before delivery, but that Miller failing therein he had sold and delivered them to Little, and received the full consideration.

This testimony was excepted to by the plaintiff, who contended that he was interested in the event of the cause; that the sale of a chattel is an implied warranty of the property on the part of the vendor; (3 Blackst. Com. 164) that no case could be produced, where on a question respecting the title to personal property, the vendor had been admitted as a witness; that it was analogous to the case of land, where a vendor had been admitted a witness as to title, there being no covenant of warranty, (1 Stra. 445) which necessarily implies where there has been a warranty he could not be a witness: *Vide* 1 Vent. 15; and that he was more deeply interested in estab-·lishing the validity of the sale to Little, inasmuch as he had received the full amount of the cattle from him, which consequently must be recovered of him in case of defendant's failure in the present suit; whereas he had received only 20s. from the plaintiff by way of earnest.

To this it was answered, that Jacob Werner swears against his interest, as he subjects himself thereby to the suit of Miller, in case he had sold to him; and though a legatee is no good witness to prove a will, yet he may be admitted to swear against it; 2 Salk. 691; that he was equally liable to both defendant and plaintiff, and the degrees of interest could not be measured, and that therefore the scales of interest being even on both sides, he might well be admitted. *Vide* Colles's Cases in Parliament, 91. S. P. 1 Burr. 422.

The court directed the deposition to be read, conceiving the objection of a supposed superior interest on the part of the witness, to go to his credit with the jury, but not to affect his competence, he being equally liable to both parties. 4 Burr. 2254. *But the point was reserved at the instance of the plaintiff's counsel, to be considered in bank, in case they should think proper to move it. It was not moved again.

Messrs. Bradford, Hartley and Bowie, *pro quer.*

Messrs. Kittera, Riddle and C. Smith, *pro def.*

Verdict for defendant, and the value of the cattle assessed to 109l. 7s. 6d.