FROST vs. HILL.

A memoran-
dum kept by a
clerk of a ven-
dor who sells
goods at *auc-
tion* of the ar-
ticles sold and
the prices bid
for them, is a
sufficient note
in writing to
bind the ven-
dee.

The assent-
of the sheriff to
the sale by the
defendant of
goods levied

ERROR from the Livingston common pleas. The house- hold furniture of one Pierce was levied upon by a deputy of the sheriff of Livingston by virtue of two executions amounting together to the sum of $143,26. The levy was made on the 15th January, 1827; and the defendant in the execution was permitted to remain in possession of the property levied on. The executions were returnable in ninety days, being issued on justice's judgments. On the 7th and 8th days of Febru- ary, Pierce, the defendant, against whom the executions had issued, made a sale of his household furniture at auction, and Hill, the plaintiff below, bought sundry articles amounting

upon by execution, will not divest the title of a purchaser under a previous sale made by the defendant.

A vendor of personal property, is liable to both parties on his warranty of title, is a compe- tent witness for either, his interest being neutralized.

to the sum of $137,29. A memorandum of the purchases made by Hill was made by a person who acted as the clerk of Pierce at the sale, and kept a memorandum of the articles sold, and the prices at which they sold. He was authorised to shew the property and to deliver it to bidders; and after the sale, the several articles purchased by Hill were marked by him and Hill with Hill's initials. It was agreed between Pierce and Hill, at the time of the sale, that the bids made by Hill should apply towards a debt of about $134 owing by Pierce to Hill. During the sale, the deputy sheriff who had made the levy on the property of Pierce twice gave notice of the levy and forbade the sale. The property purchased by Hill was left in the house of Pierce. Four or five days afterwards, it was agreed between Pierce and the deputy sheriff and Frost, the defendant below, that Pierce should sell to Frost seventy or eighty dollars worth of the property bid off by Hill at the prices paid by Hill at the auction, and that Frost should pay the amount of the executions. A sale accordingly was made of certain of the property purchased by Hill to the amount agreed upon, for which Frost gave his note to the deputy sheriff, who endorsed the executions satisfied. The property thus purchased by Frost was taken possession of by him, and for the conversion of it an action of trover was brought by Hill.

On the trial of the cause, Pierce was admitted to testify for the plaintiff below, although objected to as an incompetent witness. The court charged the jury that the sale to Hill at the auction was good and valid within the statute of frauds; and that the sale to Frost was void, the assent of the deputy giving it no validity. The counsel for the defendant excepted. The jury found a verdict for the plaintiff for $80,25, on which judgment was entered; to reverse which a writ of error was sued out.

*J. Dickson*, for plaintiff in error. Pierce was not a competent witness. The sale to Hill was void within the statute of frauds; the price exceeded $25; the goods were not received by the purchaser; there was nothing given as earnest to bind the bargain; and there was no note or memorandum

in writing made and signed by the purchaser. (1 R. L. 79. Roberts on Frauds, 174. 3 Johns. R. 421. 3 Barn. & Ald. 680. 3 id. 321. 2 Barn. & Cress. 37. 2 Black. Comm. 447, 8. 1 Salk. 113.) The memorandum of the sale, being made by the clerk and agent of the vendor, is the same as if made by the vendor, and that is not enough to bind the purchaser. (3 Johns. R. 399.) Validity is given to the entries of an auctioneer or broker, he being considered as acting for both parties. (8 Cowen, 215. 4 Bos. & Pul. 252. 15 East, 103.) The sale to Hill was void also, because the property was in the custody of the law. (18 Johns. R. 311, 363. 17 id. 116.)

*J. A. Spencer*, for defendant. The interest of Pierce was neutralized; he therefore was a competent witness. The person acting as the clerk of Pierce at the auction should be considered as the agent of both parties, and the same validity given to his acts as to those of a broker. (12 Johns. R. 102.) There was a sufficient delivery to have authorized Hill to take the property without incurring the liability of an action by Pierce. There was not only earnest, but a payment in full; it having been agreed that the bids of Hill should apply on Pierce's indebtedness to him. The levy can be set up by no one but the officer, or the plaintiffs in the executions. Pierce having sold the property to Hill, could not subsequently confer title upon Frost.

*By the Court*, SAVAGE, Ch. J. Pierce, as the vendor of the property, warranted the title to both purchasers, and is liable for the value to the losing party; and so far as his interest is concerned it is immaterial which succeeds; his interest is neutralized, and he was therefore a competent witness.

The sale to the plaintiff below was inoperative and void as against the execution, and the sheriff might have sold the property on the execution, but he did not do so. The assent which the sheriff gave to the sale to the defendant below gave no validity to it. The case is to be considered, therefore, as if there was no execution in question. In this point of view, the sale at auction, at which Hill was a pur-

chaser, was valid. There was a sufficient memorandum made by the vendor's clerk and agent ; the property was paid for, because, by the agreement of the parties, the bids of the plaintiff below extinguished a portion of the debt which Pierce owed to Hill, and though the property was not removed, it was marked and designated as Hill's. Frost purchased with a knowledge of the facts, and is in no better situation than Pierce would have been had the action been brought against him and as between him and the plaintiff below, there can be no question that the sale was valid.

The judgment below must be affirmed.