## LEIPER v. GEWIN.

1. In detinue against a sheriff, for a slave seized under execution, as belonging to the defendant in execution, the latter is not a competent witness for the sheriff to prove property in himself.

Writ of Error to the Circuit Court of Lawrence county.

Detinue, by Leiper against Gewin, for a slave. At the trial, the plaintiff made title under a purchase from the sheriff, who sold the slave as the property of one Niel, by virtue of an execution against him in favor of one Owen. The defendant then proved a *fi. fa.* at the suit of the Branch Bank of the State of Alabama against said Niel, by virtue of which, as sheriff of Lawrence county, he levied again on the same slave, as the property of Niel, and offered Niel as a witness to prove that he furnished the plaintiff, Leiper, with the money paid for the slave, at the first sale, as well as fraud in that purchase. The plaintiff objected to

Leiper v. Gewin.

Niel as an incompetent witness, but the Court overruled the objection, and permitted the witness to give evidence to the jury. The plaintiff excepted, and now assigns the admission of this witness as error.

L. P. WALKER, for plaintiff in error.

A. F. HOPKINS, for the defendant, cited Martin v. Kelly, 1 Stewart, 198; Jones v. Park, Ib. 419; Pruitt v. Lowry, 1 Porter, 101; Prewitt v. Marsh, 1 S. & P. 17, Standifer v. Chisholm, Ib. 449; McGehee v. Eustis, 5 S. & P. 426; Stevens v. Lynch, 2 Camp. 332; Holman v. Arnett, 4 Porter, 63; Reimsdyk v. Kane, 1 Gall. 630; Chitty on Bills, 417; 12 East, 38.

GOLDTHWAITE, J.—None of the cases cited go to the extent of the decision of the Court below. It is true, the defendant in execution, with us, is admitted as a witness for his vendee, when the contest is between him and the creditor, or officer making the levy. [Standifer v. Chisholm, 1 S. & P. 449; McKenzie v. Hunt, 1 Porter, 37.] But there is a marked distinction between his capacity to testify under such circumstances, and when he is called to support his own title against one who does not admit that his is derived from the same source. We are not informed by the bill of exceptions, whether the defendant has sold the slave levied on, and applied the proceeds to the satisfaction of the execution; therefore it is unnecessary to consider how far that circumstance would affect the interest of the witness; but the position assumed by the Court below, seems to be nothing more or less, than calling one to subject property to his own debt. If this witness is competent, there is nothing to prevent a debtor from pointing out the property of another, to satisfy an execution against himself, and sustaining the levy by his own evidence. It seems too clear to admit of doubt, that the effect of such evidence would be to benefit himself, by discharging his own debt. This is the precise case of Bland v. Ansley, 5 B. & P. 331, the principle of which seems generally to have been recognized in England, and in this country. Thus, in Upton v. Curtis, 1 Bing. 210, it was held, in an action of replevin, by an under-tenant against the landlord, who had seized chattels for rent due to the tenant in chief, that the tenant was not a competent wit-

ness to prove the amount of the rent due from the undertenant; and in Pratt v. Stephenson, 16 Pick. 325, the debtor was rejected as a witness for the attaching officer. See also, Waller v. Mills, 3 Dev. 515. So in foreign attachment, the debtor is a competent witness for, but not against the garnishee. [Enos v. Tuttle, 3 Conn. 247.] Most of the decisions bearing upon this question are collected in Cowen and Hill's Notes, 84, 91, 120, 1522, and the result seems to be, that the defendant in execution is not a competent witness for the creditor, or attaching officer, except in cases where his interest is balanced, in consequence of his liability as a warrantor, or unless he cannot be a loser by setting aside the act of the officer. In the case before us, if the plaintiff does not recover, the debt of the witness is discharged, to the value of the slave; he is therefore directly interested to defeat him, and no equipoise of interest is shown.

Judgment reversed and cause remanded.