## HODGE v. THOMPSON.

1. The grantor in a deed of trust, by which property is conveyed to a trustee, for the benefit of creditors, is not a competent witness for the trustee, in a suit by him to recover the trust property from a purchaser claiming through a sheriff's sale, by virtue of an execution against the grantor.
2. One who has indemnified the sheriff for seizing goods so conveyed, is not a competent witness to sustain the title of the purchaser from the sheriff, when the suit is by the trustee ; because, when the sheriff is indemnified, the purchaser, if evicted, may sue him as a warrantor of the goods purchased.
3. The declarations of a grantor in a trust deed attacked for fraud, made prior to the execution of the deed, cannot be given in evidence to show the object and purpose of the deed.

Writ of Error to the Circuit Court of Limestone.

DETINUE, by Hodge against Thompson to recover a slave. Hodge claimed title under a deed of trust executed by one Daniel, by which the slave in controversy was conveyed to Hodge, in trust for the benefit of certain creditors of Daniel, named in the deed, which also provided for the payment of the surplus, remaining after the satisfaction of the preferred debts, to Daniel. Thompson claimed under a sale made by the sheriff, in virtue of executions issued against Daniel, subsequently to the execution of the before mentioned deed.

At the trial, the plaintiff, Hodge, offered Daniel as a witness, but the court rejected him on the ground of interest.

The defendant, Thompson, offered evidence to show the declarations made by Daniel, a day or two before the deed was executed, to the attorney of one of the creditors named in it, with respect to the object and purpose of the deed. These were admitted against the exception of the plaintiff.

One Myatt was also offered as a witness for the defendant. He was the plaintiff in one of the suits under which the slave was sold bp the sheriff, and indemnified that officer by bond, for making the levy and sale. The court admitted this witness, notwithstanding an objection from the plaintiff.

The plaintiff excepted to the ruling of the court in these three particulars, and they are here assigned as error.

H. DAVIS, for the plaintiff in error, insisted—

1. That the declarations of the grantor were not admissible in the connection they were offered. [Gardner v. Tubbs, 21 Wend. 169.]

2. Myatt was clearly incompetent, because, if a recovery is had against the defendant in this case, he is either entitled to sue the sheriff, or to be subrogated to the bond executed by Myatt. [McGhee v. Ellis, 4 Litt. 244.]

A. B. MOORE, contra, argued—

1. Daniel has a direct interest in recovering the slave, as his debt, for which it was sold, is paid by the sale, and a trust results under the deed. [Holman v. Arnett, 4 Porter, 63; Bank v. McDade, Ib. 252; Standifer v. Chisholm, 1 S. & P. 453; Yarborough v. Scott, 5 Ala. Rep. 222.]

2. The declarations of the grantor, prepartory to executing the deed, was proper evidence to go to the jury, to shew its purpose. [Phillips on Ev. 231, 234; Greenl. Ev. 200-1.]

3· Myatt is responsible on his bond to no one but the sheriff, and he is in no wise connected with this action. ,

GOLDTHWAITE, J.—1. Upon the question whether Daniel was a competent witness to sustain the title of his grantee, under the deed of trust, against that acquired by the purchaser at the sheriff's sale, the decisions of this Court, in

Pruitt v. Lowry, 1 Porter, 101, and Holman v. Arnett, 4 Ib. 63, seem conclusive against his competency. By the sale under the execution, one creditor has received a direct satisfaction of his debt, and if the testimony of the debtor should cast the purchaser, the property, under the deed, would be applied to the satisfaction of his other creditors, or revert to himself. He has therefore a direct and immediate interest to produce this result, which is not, in our judgment, equipoised by the remote possibility, that the satisfaction entered upon the execution may be set aside, if a recovery is eventually had against the plaintiff in that case, for directing the sale.

2. The competency of Myatt as a witness, depends upon the fact, whether he is or is not, responsible on his bond, indemnifying the sheriff for selling the slave in controversy. It is very clear, the plaintiff here might have brought his action against this witness, for directing the levy and sale, if, as asserted, the title was valid under the deed. It is equally clear, a similar action might have been brought against the sheriff. Can it then be said, the responsibility is avoided, because the party has chosen to proceed in detinue for the recovery of the slave in the hands of the purchaser, who may have been induced to make the purchase in consequence of the indemnity to the sheriff? It is held, in the case of McGhee v. Ellis, 4 Litt. 244, that the sheriff is liable whenever his vendee is evicted, in consequence of the entire want of title in the defendant, whose supposed property has been sold. Nor is this so unreasonable, as, without consideration it might be supposed. As before observed, the sheriff is liable to the person whose goods are wrongfully seized, and sold, and there is no reason why he should be relieved from this liability, when the true owner chooses, as he may do, to pursue the purchaser instead of the sheriff. The case of Brummel v. Hart, 3 J. J. M. 709, goes the length of deciding, that the purchaser, when the creditor has interfered, by ordering the sheriff to levy and sell, has a direct remedy against him if evicted. On principle then, as well as the authority of these adjudications, we feel warranted in holding, that when the execution creditor has indemnified the officer, and the purchaser is evicted for want of ti-

tle in the debtor, he may proceed against the sheriff as a warrantor. Whether the rule extends beyond this, it is unnecessary at this time to determine, as this conclusion shows, the witness was directly interested to sustain the sheriff's title, and was therefore improperly admitted as a witness for the defendant.

3. The remaining point is, with respect to the evidence of the declarations of Daniel, made previous to the execution of the deed, allowed to go to the jury, to show the object and purpose for which it was made. We cannot well see how this evidence was proper, as the object and purpose of the deed was to be ascertained from its face, or by proof showing its falsity. It may be however, that the bill of exceptions is not so full on this point as was intended, and therefore we shall decline any determinate opinion, beyond what has already been said.

For the error in the admission of the witness, Myatt, the judgment is reversed and the cause remanded.