## BRUMBY v. LANGDON & CO.

1. Under the act of 1845, which declares defendants in execution incompetent as witnesses in a claim interposed by a third person upon the levy, a trustee of a corporation is, notwithstanding, a competent witness for the claimant, although the levy is made under a *fi. fa.* against the corporation.
2. In a verdict finding that an apparatus consisting of chemical, astronomical and philosophical instruments is subject to the levy, it is not a valid objection to the judgment that the instruments are not separately assessed, but that the whole is valued together.

Writ of Error to the Circuit Court of Perry.

CLAIM interposed by Brumby, as the administrator of John P. Wallis, to a philosophical apparatus, levied on by a *fi. fa.* at the suit of L. & C. C. Langdon & Co. against the Manual Labour Institute.

At the trial, the claimant offered the deposition of a witness, to whom the plaintiff in execution objected, on the ground that he was one of the defendants in execution, he being a trustee of that corporation. The court rejected the deposition.

The claimant offered another individual as a witness, who was objected to by the plaintiff on the same ground. The claimant then proposed to prove that the witness, before he was called to give evidence, had resigned his office as trustee, by letter addressed to the president of that corporation, and deposited in the post office. He also proposed that the witness should resign his office by a writing to be delivered in court, and this the witness professed his willingness to execute. The court decided the witness could not so resign, or relieve himself of the character of a corporator of the said corporation, so as to render himself competent as a witness for the claimant, and rejected him.

The claimant excepted to these rulings of the court, and

they are now assigned as error. As is also, that the judgment rendered is uncertain and insufficient, in not specifying the articles levied on severally, and in not ascertaining their several values.

In reference to this last subject of error, it may be observed the levy is on " the apparatus belonging to the Institute." The verdict finds the issues in favor of the plaintiffs, and that the apparatus, consisting of chemical, astronomical, and philosophical instruments, in the levy mentioned," was at the time of the levy, and still is, subject, &c. The assessed value, by the verdict, is $3,000. The judgment pursues the verdict.

JOHN ERWIN, for the plaintiff in error, argued—

1. The statute directs the value of each article of property shall be separately assessed by the jury. [Dig. 213, § 64.] The verdict shows that the apparatus consisted of chemical, astronomical and philosophical instruments.

2. This is an elymosynary corporation, in which the different corporators have and can have no pecuniary interest. They are not therefore defendants in execution within the meaning of the statute which prohibits such from being a witness for the claimant. [Acts of 1845, 136, § 2.]

3. The witness whose deposition was rejected is one of the trustees named by the act of 1834, p. 62. The act changing the name of the corporation was as found in the acts of 1838, p. 172, but neither of them warrant the idea that a trustee may not, of his own mere motion, renounce the office or resign, and after doing either, there is no reason why such a one is not a competent witness.

E. W. PECK, for the defendants in error, insisted—

1. The act of 1845 does not proceed on the ground of interest. It cuts off a source of evidence which was previously open. [Yarborough v. Moss, 9 Ala. R. 382.] The incompetency of the defendant in execution is expressly declared, and a trustee of this corporation is part and parcel of it, and the execution, in point of fact, is against the trustees of the corporation.

2. But as the corporation is constituted, it is not mere-

ly a charitable one. The corporation is invested with the power to purchase as well as to receive donations, and the profits derived from the exercise of its functions may be disposed of by the trustees. If dissolved, it cannot be supposed the property would revert to the original donors of the funds, &c.

3. It admits of question, if the trustees can resign so as to avoid the effect of the statute, but if it is conceded they may, a resignation, to be of any effect, must be accepted.

GOLDTHWAITE, J.—1. When this cause was heard, we inclined to the opinion held by the court below, but more consideration has satisfied us, the witnesses rejected are not within the influence of the act of 1845. Our decisions previous to that period were, that a mortgagee could not sustain a claim, as against an execution creditor of a mortgagor, before the expiration of the law day of the mortgage, when by its terms, the debtor was entitled, until then, to retain the possession. It was also the settled law of the court, that the defendant in execution was a competent witness to sustain the claim. In view of these decisions, the act provides, that the mortgagee of personal property may maintain a claim, but declares the mortgagor, and the defendant in execution, in all cases of the trial of the right of property, under that act, or under the then existing laws, shall be incompetent to give testimony between the parties. [Acts of 1845, p. 136.] It will be seen, the statute does not declare that persons in this condition shall be deemed interested, and *therefore* incompetent, but cuts loose from all considerations of the reason for excluding them, and pronounces their incompetency to give testimony. It was with reference to this peculiar connection of the statute with previous decisions, that we said, in Yarborough v. Moss, 9 Ala. 382, the legislature has seen proper to declare, "a particular means of obtaining evidence shall be abolished." The evil which the statute intended to eradicate was, the allowance of defendants in execution as witnesses in suits of this description, not because such persons are interested, but for reasons of policy, most probably induced by the strong bias of witnesses in this condition, to defeat the execution creditor.

It is obviously the duty of courts, in the construction of remedial statutes, to give them the greatest proper effect in advancing the remedy, or in the extirpation of the mischief contemplated, but we are at a loss how to perceive the exclusion of a corporator as a witness, can be said to be within the policy of this enactment. The execution against the corporation, in its corporate character, certainly does not make such a person the defendant, and as to the bias, it may be entirely the other way. It would be alarming, if the effect of this statute was such, that a stockholder in a corporation fraudulently conveying its effects, could not be called on to testify against the claimant, and yet this would be the consequence of holding such a witness a defendant to the process, when issued against the corporation. On the whole, we think it best comports with the design of the act, to extend it no farther than those who are on the record as defendants. This conclusion shows the error of rejecting the deposition, and in excluding the witness, as under the previous decisions of this court, there was no interest to disqualify.

2. This disposes of the case, but as the other question may again arise, it is as well now to decide it. A philosophical aparatus, in our judgment is a distinct thing, though necessarily composed of many instruments. We should not suppose it necessary to assess the value of each article in a box of tools, or a case of surgical instruments, and we do not perceive why a different rule should obtain with regard to the levy here made, as it is obvious the different sets of instruments are only part of the entire apparatus. [Haynes v. Crutchfield, 7 Ala. 189.]

Let the judgment be reversed and remanded.