## DEARING v. WINDHAM.

1. In a suit between the mortgagee of slaves and a subsequent vendee of the mortgagor, the latter is a competent witness, as his interest is balanced.
2. The act of 1845, rendering mortgagors, or defendants in execution incompetent witnesses in *trials of the right of property*, does not cover the case of a mortgagee suing a subsequent purchaser from the mortgagor.
3. Where the record recites a deed as proved, the court will presume it was by the subscribing witnesses, and the exclusion of the mortgagor, will not be sustained on the presumption that he was rejected because the subscribing witnesses were not first called.

Writ of Error to the Circuit Court of Lawrence.

DETINUE, by Dearing against Windham, to recover certain slaves.

At the trial, the plaintiff made title to the slaves sued for, through a mortgage executed to him by one Jackson, on the 24th October, 1840. He also offered evidence to show the execution of a bill of sale to the same slaves, by Jackson, to one Grant, on the 3d January 1842, and the execution of another bill of sale by Grant to the defendant, for the same slaves, on the 27th March, 1843. The plaintiff then read in evidence the note from Jackson to him, described in the mortgage, and offered the deposition of Jackson to prove its execution and consideration. The court excluded this deposition, on the ground that Jackson was incompetent as a witness.

The plaintiff excepted, and this matter is the only error assigned.

J. B. SALE, for the plaintiff in error, insisted—

1. The mortgagor is not incompetent at common law, as his interest in a case like this, is entirely balanced.

2. The act of 1845 does not apply to this case—1st, because it was passed after the execution of the mortgage, and

it is against common right to put a construction on it which will affect the party's right to the evidence which then was proper and legal.  2d, because that act extends only to suits to which execution creditors are parties.

L. P. WALKER, for the defendant in error, argued—

1. The present suit is within the mischief intended to be cut off by the act of 1845.  [Hodge v. Thompson, 9 Ala. Rep. 131.]

2. Independent of this, the witness has a resulting interest, and for this reason is incompetent.  [Stewart v. Fowler, 3 Ala. Rep. 629.]

3. There were witnesses to the deed of mortgage, and thus the grantor was not a competent witness to prove the consideration. [Cunliffe v. Loftin, 2 East, 183 ; Laing v. Raine, 2 B. & P. 85; Abbot v. Plumb, Doug. 216 ; Fox v. Reil, 3 John. 47 ; Jones v. Brewer, 4 Taunt. 46; Johnson v. Mason, 1 Esp. 89; Rex v. Harringworth, 4 M. & S. 350; Willoughby v. Carleton, 9 John. 136 ; Call v. Dunning, 4 East, 53.]

GOLDTHWAITE, J.—We think an examination of this case will show, the interest of the witness is entirely balanced between these parties.   Conceding there is a trust resulting to him in the event the debt secured by the mortgage is paid, the moment that it is so, the title of his subsequent vendee would at once attach.   It is this circumstance which distinguishes this from the case of Stewart v. Fowler, 3 Ala. Rep. 629.   And the case of Hodge v. Thompson, 9 Ala. Rep. 131, has no influence, because in that, and the decisions which induced it, the witness, at the time of the trial, had received the benefit of the sheriff's sale, and would thus receive a double benefit in the event his trustee should recover in the suit.   As early as the case of Jones v. Park, 1 Stewart, 419, it was the law of this court, that the vendor was a competent witness in a suit between persons both claiming by purchase from him, and the same doctrine is held in Frost v. Hall, 3 Wend. 386 ; Miller v. Little, 1 Yeates, 26, and Worcester v. Eaton, 11 Mass. 368.   See also, as connected with the general subject, Leiper v. Gewen, 8 Ala.

Dearing v. Windham.

Rep. 326; Pruitt v. Lowry, 1 Porter, 101; Holman v. Arnett, 4 Ib. 63.

2. The effect of the act of '45 is, to render the mortgagor, when the defendant in execution, an incompetent witness between one claiming against the mortgage as an execution creditor, in one peculiar suit, of the trial of the right of property. [Yarborough v. Moss, 9 Ala. 390; Brumby v. Langdon & Co. 10 Ala. 747.] We are not aware of any evils which this statute was intended to cover, not included by its terms, as the decision in Hodge v. Thompson, 9 Ala. R. 131, shows the witness is incompetent in a suit against the purchaser at the sheriff's sale. We think it clear, this statute does not affect the competency of this witness, under the circumstances in proof.

3. It is said, however, the subscribing witnesses should have been called to testify to the consideration of the deed. We shall presume this was done, as the bill of exceptions states the deed was proved to the jury.

Conceding the subscribing witnesses were properly called to prove the execution of the deed, we are not aware the fact of consideration must also be proved by them, or rather that the parties are not to be permitted to prove it by any one else. All the cases cited to this point of the case, by the defendant, only show, the subscribing witnesses to a deed must be produced, or their absence accounted for, before it can be proved by secondary evidence. We admit the general doctrine, but cannot see that it affects the question on the record.

On the whole, we are clear the witness was competent, and his deposition should have been admitted.

Judgment reversed and cause remanded.