## ZACKOWSKI *vs.* JONES.

1. The act of 1845, which renders the defendant in execution an incompetent witness on a trial of the right of property, is in derogation of the common law, and extends only to claim suits under the statute.
2. In trespass against the sheriff for attaching plaintiff's goods as the property of his vendor, the vendor is a competent witness for the plaintiff to prove the fairness of the sale to him.
3. When a witness is excluded as incompetent by the primary court, the Appellate Court, in reviewing its decision, can only look to the ground of objection raised in the primary court.

ERROR to the Circuit Court of Dallas.

Tried before the Hon. E. Pickens.

This was an action of trespass, brought by the plaintiff in error against the defendant, who was the sheriff of Dallas

county, to recover damages for the defendant's unlawful act in levying certain attachments against Wolf & Lacks, on a stock of goods which the plaintiff claimed as his property. The plaintiff offered in evidence the depositions of said Wolf and Lacks, to prove the consideration of the sale to himself. The defendant objected to their admission, and the court excluded them, on the ground that the act of 1845, which renders defendants in execution incompetent witnesses, applied to this case; to which ruling of the court the plaintiff excepted.

"It was contended by the plaintiff that a part of the said sale from Wolf & Lacks to plaintiff consisted of a former indebtedness of Wolf to plaintiff. As a part of his evidence to show this, plaintiff offered to introduce in evidence the declaration of Wolf, (made previous to the date of the levy of the attachments, and also previous to the time Wolf & Lacks became indebted to the plaintiff in said attachments,) to the effect that he was indebted in a large amount to the plaintiff in this suit, to which the defendant objected, and the court sustained his objection." To this also plaintiff excepted.

This is all the evidence set out in the bill of exceptions; and the errors assigned are, the exclusion of the depositions and the rejection of Wolf's declarations.

LAPSLEY & HUNTER, for plaintiff in error.

1. The defendants in attachment were competent witnesses. 1st. The statute, as to trials of the right of property, had no application to this case. Lock v. Miller, 3 S. & P. 14; Bennet v. Armstead, 3 Ala. Rep. 507; Wyatt v. Lockhart, 13 ib. 339; 2d. Independent of that statute, they were unquestionably competent.

2. The declarations of the defendants in attachment, or one of them, (which were excluded,) were clearly competent, having been made before the debts, under which the attachments issued, were contracted. Goodgame v. Cole & Co., 14 Ala. Rep.

G. W. GAYLE, contra:

1. *So far as interest is concerned,* there is no difference between this case and the case of *transferror of a chose in action.*

The one is no more liable back than the other. In the cases of a transferror offered as a witness, this court has repeatedly decided that *a transferror of a chose* was incompetent. See Goodwin, use, &c. v. Harrison, 6 Ala. 438; Wm. Bower & Co. v. Saltmarsh, 19 Ala. 274.

2. But Wolf & Lacks, the vendors, were *defendants in the attachments,* and are within the meaning of the statute of 1845, excluding defendants in execution, &c. See Yarborough v. Moss, 9 Ala. 388.

3. There is an *implied warranty of title* from Wolf & Lacks to Zackowski, and they are interested in that way.

DARGAN, C. J.—It appears that the plaintiff bought a stock of goods from Wolf & Lacks, and afterwards the defendant, as sheriff of Dallas, levied several attachments upon them, as the property of Wolf & Lacks. The plaintiff brought trespass against the sheriff, and to prove the fairness of the sale of the goods to him, introduced the deposition of his vendors. The defendant objected to this evidence, on the ground that the statute of 1845, prohibiting defendants in execution from giving testimony upon the trial of the right of property, applied to this case, and excluded the witness. The court sustained the objection, and the plaintiff excepted.

It is difficult to perceive why it should be that the witness must be held incompetent under the statute, if the plaintiff had interposed a claim to the goods, under the statute to try the right of property, but to allow him to testify, if the plaintiff saw fit to select his common law remedy. Yet the construction placed on this statute is, that being in derogation of the common law, it excludes the defendant in the execution only upon the trial of the right of property as allowed by our statute, but does not affect his competency as a witness in any other manner. Dearing v. Windham, 11 Ala. 204; Yarborough v. Moss, 9 Ala. 390; Brumby v. Langdon & Co., 10 Ala. 747. We are not disposed to disturb the construction that has been placed on this act, and consequently hold that the witness was not incompetent on that ground.

Other reasons have been assigned in the argument why he should have been excluded, but it is sufficient to say, that we can look alone to the ground of objection made in the court

below; it was on this only the court acted, and to this must we be confined. But it may not be improper to say, that as the case is now presented to us we see no reason why the witness should be excluded.

The declaration of Wolf, one of the vendors, made prior to the sale, respecting his indebtedness to the plaintiff, was properly rejected; such declaration formed no part of the *res gestae*.

Let the judgment be reversed, and the cause remanded.