## GARNER *vs.* BRIDGES.

[TRESPASS FOR LEVY OF ATTACHMENT ON SLAVE.]

1. *Competency of vendor as witness for purchaser.*—The vendor of a slave is a competent witness for the purchaser, in a suit involving the title, where it appears that his interest is equally balanced: section 2302 of the Code does not apply to such a case.

2. *Relevancy of evidence to disprove fraud.*—Where an attachment is levied on a slave, and a purchaser from the defendant in attachment brings trespass against the plaintiff, and the validity of the sale is impeached, the plaintiff may show, in rebuttal of the evidence of fraud, that by the statute laws of Mississippi, where the vendor resided at the time of the sale, one slave was exempt from levy and sale under legal process against the head of a family.

3. *Admissibility of vendor's declarations as evidence against purchaser.*— The declarations of the vendor of a slave, made several months before the sale, not explanatory of his possession or title, and not made in the presence of the purchaser, are not competent evidence against the purchaser.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by John Bridges, against John H Garner, to recover damages for an alleged trespass, which consisted in causing the levy of an attachment against one John L. Bridges, who was a son of the plaintiff, to be made on a slave which the plaintiff claimed under a purchase from said John L. Bridges prior to the levy of the attachment. The defendant pleaded the general issue, "in short by consent, with leave to give any special matter in evidence;" and issue was joined on that plea. The plaintiff's bill of sale for the slave was dated the 11th April, 1859, and contained a warranty of title. The defendant sought to impeach the validity of the purchase by the plaintiff, on the ground of fraud; and, for that purpose, adduced evidence showing that John L. Bridges resided in Mississippi, and was largely indebted, if

not insolvent; and that the slave was sent to Mobile for sale, within five or six days after the plaintiff's purchase, and was there seized under the defendant's attachment. It was shown, also, that John L. Bridges was the head of a family; and the plaintiff was allowed to read in evidence, against the defendant's objection, the statute of Mississippi which exempts one slave from sale under legal process against the head of a family; to which ruling of the court the defendant reserved an exception. The defendant took the depositions of one P. M. Gaddis, from whom John L. Bridges bought the slave, and of one Henry Collier, who was present at the sale; each of whom testified to declarations made by said John L. Bridges after his purchase, and while he had possession of the slave, to the effect that he intended to exchange the boy for a negro woman for the use of his family. The court suppressed these declarations, on the plaintiff's objection, on the ground that they were not competent evidence against him; to which ruling, also, the defendant excepted. The deposition of John L. Bridges was taken by the plaintiff, for the purpose of proving his purchase of the slave, and the execution of the bill of sale to him. The defendant objected to the competency of the witness, on the ground of interest, and reserved an exception to the overruling of his objection.

The several rulings of the court on the evidence, to which, as above stated, exceptions were reserved by the defendant, are now assigned as error.

Jno. L. Smith, for appellant.
Jno. T. Taylor, contra.

R. W. WALKER, J.—As the vendor was examined as a witness for his vendee, it is plain that he must have known of the existence of the suit. But it is not shown that he was formally and seasonably informed by the vendee of the pendency of the suit, and required to defend it. To say the least, it admits of question, whether the ven-

dor's mere knowledge of the existence of the suit will suffice to make the judgment evidence against him, in favor of his vendee, of the facts on which it is founded.—3 Phill. Ev. (C. & H.'s Notes, 2d ed.) 816–17, 982–4 ; 1 Greenl. Ev. §§ 394, 397, (note 2,) 404 ; 2 Smith's Leading Cases, 684. However that may be, it is certain that, unless rendered otherwise by statute, the vendor in this case is a competent witness for his vendee, because his interest is equally balanced.—*Zackowski v. Jones*, 20 Ala. 189 ; *Holman v. Arnett*, 4 Porter, 63 ; 2 Phill. Ev. (C. & H.'s Notes, 2d ed.) 120–2, 126–9 ; 3 *ib.* 1543–4 ; 1 Greenl. Ev. §§ 420, 398, note (3.) It is equally certain, that the Code has not made him incompetent. Section 2302 was not designed to increase, but to diminish the number of incompetent witnesses. It simply destroys the common-law objection on the ground of interest, except in cases where the verdict and judgment would be evidence for the witness in another suit. The witness, to be incompetent, must still be interested ; and he is not interested, in the legal sense of that term, even though the verdict and judgment would be evidence for him in another suit, if he is equally interested on both sides of the cause.—See *Rupert v. Elston*, 35 Ala. 86.

2. The law of Mississippi was admissible in evidence, for the purpose of repelling the idea of fraud in the sale.

3. The declarations of John L. Bridges were properly excluded. They were made three months before the sale to the plaintiff, when the latter was not present, and were not explanatory of the vendor's possession or title.

Judgment affirmed.