## CARTER *vs.* WANN.

[ACTION AT LAW COMMENCED AFTER DEATH OF HUSBAND, AGAINST WIFE, TO ENFORCE LIABILITY OF HER SEPARATE STATUTORY ESTATE ON CONTRACTS FOR NECESSARIES, &C., FURNISHED DURING LIFE OF HUSBAND.]

45 343
99 307

1. *Married woman; for what purpose can not be sued after death of husband.*—A married woman, after the death of her husband, can not be sued at law to enforce the liability of her separate statutory estate on contracts for articles of comfort and support of the household, furnished the family during the life of the husband, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law.
2. *Overruled case.*—The case of *Cunningham v. Fontaine*, 25 Ala. 644, is overruled as to this point.

APPEAL from Circuit Court of Madison.

The record does not give the name of the presiding judge.

All the facts necessary to a proper understanding of the question decided by the court, will be found in the opinion.

WALKER, MURPHEY & WINTER, and CABANISS & WARD, for appellant.—The action is brought under section 2376 of the Revised Code. That section renders the *separate estate* of the wife liable for articles of comfort suitable to her degree in life, &c., such liability to be enforced at law by action against husband and wife jointly, or against husband alone.

The authority upon which the appellee relies to sustain his case, is *Cunningham v. Fontaine*, 25 Ala. 651. In that case, the learned justice held that the statute creates a *liability on the part of the wife*, and that the *wife* was *jointly liable* with the husband, and being so *jointly* liable, the liability survived to *her*.

This opinion seems to be in direct opposition to the statute, which says the *separate estate* of the wife is liable. The statute seems to plainly attach the liability to the *estate*, and *not* to the *person*. Without *direct* provisions to alter the common law, ( and we insist there is *no such* provision,) the appellant, being a *feme covert*, could make no contract of this character, and could therefore not be a joint obligor with her husband. The husband is the only party competent to make the contract, and the statute only provides that the *separate estate* of the wife shall be liable for certain of such contracts, such liability to be enforced in a way and manner prescribed by the statute creating the liability. If the wife could not be a *joint obligor*, the action, as such, could not survive against her. The section of the Code creating the liability, does not seek or attempt to create a joint *liability* upon husband and wife, or upon the wife, but simply and merely prescribes the mode and manner in which the liability *against the separate estate may be and shall be enforced*, and for what *matter* such liability shall *attach*, to-wit: for such articles of comfort, &c., for which the husband would be liable at common law.

We think that the case of *Cunningham v. Fontaine, supra,* in so far as it relates to this point, is overruled in the case of *Ravesies and Wife v. Stoddart & Co.*, 32 Ala. 603. This

opinion, from the evident care taken in its preparation, must be regarded as the ruling case in matters arising under it. That decision certainly more clearly maintains the statute than that of *Cunningham v. Fontaine.*

The decision of *Ravesies, supra,* is clear that the statute does *not* create a *personal* liability upon the wife. The decision further establishes that a *personal judgment against the husband must be rendered in such cases.* The form prescribed in that decision, and the ruling itself, establishes that although the *suit* may be against husband and wife jointly, the *judgment* must be against the *husband* alone— the statute rendering the wife's estate liable upon such judgment, but *imperatively requiring such judgment precedent.*

Now, the *wife* was *never* liable, but her *separate* estate, and the separate estate could only be subjected by suit and judgment against the husband, and execution issued thereupon. The only party *personally* liable to the demand of the appellee, was the husband of the appellant, and appellee should have brought his suit against the personal representative of the deceased husband. *There was no privity between appellee and appellant,* and the husband of appellant, the real and only *personal* debtor of appellee, may have satisfied such indebtedness, and the evidence thereof may be in the present possession of the representative of such deceased husband.

We think our view clearly maintained by the two sections of the Code, ( 2376–7 ) and the construction put upon them in *Ravesies and Wife, supra.* No one can be sued upon a contract to which he is not a party.

*The appellant,* a *feme covert* at the time the contract sued upon was entered into, *was incompetent to make the contract,* and *hence* could not be sued upon it.

WALKER, BRICKELL & LEWIS, *contra.*—1. The death of the husband does not absolve the wife from suit at law to charge her separate statutory estate. The liability of the husband and wife, under the statute, is in the nature of a joint liability, surviving against the wife on the death of the husband.—*Cunningham v. Fontaine,* 25 Ala. 644.

23

2. The section of the Code, 2376, (1987) under which this suit was brought, is a substantial re-enactment of section 7 of the act of February 13, 1850, securing to married women their separate estates.—Pamph. Acts 1849–50, p. 63. In *Cunningham v. Fontaine, supra*, the question presented was, whether the surviving wife was suable at law under the 7th section of the act of 1850, for articles of family supply purchased during the life of the husband; and this court declared the cause of action survived against her, she having a statutory separate estate. The rule upon which this court has uniformly proceeded, is, that the re-enactment in the Code of a previous statute, must be taken as a legislative adoption of the judicial construction it had received.—*Duramus v. Harrison & Whitman,* 26 Ala. 326; *Sartor v. Br. Bk. at Montgomery,* 29 Ala. 353; *Bank of Mobile v. Meaher & Co.,* 33 Ala. 622.

3. None of the authorities cited by appellant affect the decision of the precise question as made in *Cunningham v. Fontaine, supra.* The case of *Rodgers, Adm'r, v. Brazeale,* 34 Ala. 512, only decides that the personal representative of the deceased wife is not suable at law to charge her separate estate with the payment for supplies. The husband was in that case the survivor, and was suable on the joint liability created by the statute against husband and wife. It is a rule of the common law, operative in the absence of statutory provisions, that if one of several jointly liable on a contract dies, the personal representative of the one so dying can not be sued at law on such contract, but is discharged from liability.—1 Chitty's Pl. 50. Besides, under the decision in *Ravesies v. Stoddart,* 32 Ala. 599, the suit against the married woman, to charge her statutory separate estate, raises something in the nature of a lien on the separate estate in favor of the creditor suing. No lien can arise by act of the law, in favor of one creditor over another, upon the estate of a deceased debtor. Of his estate the law favors equality of distribution amongst his creditors. Therefore it is, that the suit against the administrator of the wife could not be maintained.

PETERS, J.—The main question in this case is this:

Can the wife, after the death of the husband, be sued alone, in an action at law to enforce the liability of her separate estate on contracts for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law?

This question remains unsolved. No doubt the husband may be sued alone on such contracts, when the wife has a separate statutory estate; and no doubt the husband and wife may be sued jointly on like cause of action. This is according to the very words of the statute.—Rev. Code, § 2376. The language of the Code is this: "For all contracts for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law, the separate estate of the wife is liable; to be enforced by action at law, against the husband alone, or against the husband and wife jointly."

"If suit is brought against the husband alone, upon such contract, and execution is returned "not satisfied," the separate estate of the wife may be sold, by order of the court, for the satisfaction of the judgment; ten days notice, in writing, being given to the wife, of the intended motion."—Rev. Code, §§ 2376, 2377.

In discussing this statute, Mr. Justice Walker, in delivering the opinion of the court in the case of *Rodgers' Adm'r v. Brazeale*, lays it down as a fundamental principle, that " these sections provide the only modes in which the separate estate of the wife may be subjected by action. The forms of redress designated for this purpose are— first, an action against the husband and wife jointly; second, an action against the husband alone, to be followed upon the return of the execution against him 'no property found,' by a motion against the wife, for an order to sell her separate estate to satisfy the judgment."—34 Ala. 512, 515, 516. In this case, the action at law was against the administrator of the wife's estate, after death, and the court decided that " the plaintiff could not maintain the action." This conclusion must have been reached on the grounds intimated in the opinion, that only those persons

could be sued at law who are designated in the statute, and in the manner directed in the statute—that is, against the husband alone, or the husband and wife jointly ; or, that the liability was only against the wife's separate estate, and not against her in her personal capacity. Under this construction, no action at law could have been maintained against the wife alone, during her husband's life. She could only be sued jointly with him. This was her right under the statute. It is one of the incidents which the law attaches to the contract of marriage in this State, and the death of the husband does not forfeit it or impair it.

Unless marriage is to be treated as a capture or a subjugation on the part of the wife, in favor of the husband and his creditors, she must be protected in all the immunities which the marital contract brings her. And one of these immunities is, that the liability of her separate statutory estate to the payment of such claims as those here sued on, can not be enforced by action at law against her alone, but only in one of the two modes designated in the statute giving the remedy at law. The mode of the remedy is specific, and consequently exclusive, so far as an action at law is involved.

The *liability*, and the *form* of its enforcement, are each given by the statute. Neither existed at common law. The words of the statute, then, limit both. All just construction confines the courts to this limit in both particulars ; that is, to the extent of the liability and the form of the remedy. In this, the argument of the court in *Cunningham v. Fontaine*, 25 Ala. 644, goes beyond the safe limit of construction. It is an effort by the judiciary to add a *proviso* to the act which the legislature omitted. Except in this case, this important statute has always received a strict construction, and I think it best still to adhere to it.—*Bibb v. Pope*, 43 Ala. 190 ; *Alexander v. Saulsbury*, 37 Ala. 375 ; *Warfield v. Ravesies and Wife*, 38 Ala. 518 ; *Nation v. Roberts*, 20 Ala. 544 ; *Zackowski v. Jones*, 20 Ala. 189 ; Smith Com. p. 676, § 530.

The complaint shows that the defendant, Mrs. Carter, was a married woman when the contracts on which the

suit was founded were entered into ; that her husband was then alive, but has since died ; that she then had, and still has, a statutory separate estate ; that the things supplied by the plaintiff were articles of comfort and support for the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law, and that the wife alone was sued after the death of the husband. Under such a state of facts, the action can not be maintained against the wife alone.

In its present shape, the complaint does not show a sufficient cause of action against Mrs. Carter, the appellant. In such a case, a reversal will be allowed.—*Emanuel v. Ketchum*, 21 Ala. 257.

Let the judgment of the court below be reversed and the cause remanded.