## Janney *v.* Buell and Wife.

*Bill in Equity to subject Wife's Lands to Judgment for Necessary Family Supplies.*

1. *Jurisdiction of equity, in absence of adequate legal remedy.*—At common law, there was an appropriate remedy for the enforcement of every right; and if there was no adequate legal remedy, the court of chancery supplied the defect. But this principle applies only to common-law rights, and does not extend to rights created by statute, for the enforcement of which the statute itself provides a specific though inadequate remedy.

2. *Wife's statutory separate estate; liability for necessaries, and how enforced.*—When a debt for necessaries, or "articles of comfort and support of the household" (Rev. Code, §§ 2376-7), has been reduced to judgment before a justice of the peace, in an action against the husband alone, and an execution thereon has been returned not satisfied, the statute has provided no remedy by which the wife's lands may be subjected to its payment; and a court of equity has no power to supply this defect.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed by the appellant, on the 8th February, 1873, and sought to subject a certain house and lot in the city of Montgomery, alleged to belong to Mrs. Sallie A. Buell, one of the defendants, as her statutory separate estate, to the payment of a judgment which the complainant had obtained, before a justice of the peace, against James Buell, her husband and co-defendant; on the ground that the judgment was founded on a debt for necessaries, for which the wife's statutory separate estate was liable, and the complainant could not subject it at law, although an execution on his judgment had been returned not satisfied. The chancellor sustained a demurrer to the bill, for want of equity, and his decree is now assigned as error.

E. P. MORRISSETT, for appellant.—The statute makes the wife's statutory separate estate liable for necessaries furnished to the family, but provides no mode by which that liability may be enforced in such a case as this. The appel-

[Janney v, Buell and Wife.]

lant has an undisputed claim, which he has reduced to judg-
ment, and an adjudicated lien upon specific property ; but he
is without remedy at law to enforce his lien, or to collect his
debt.   It is one of the fundamental functions of equity to
supply such a *casus omissus* in the general law. Equity will in-
tervene, and afford relief, whenever there is not an adequate
remedy at law, or when the remedy at law is not plain and
well ascertained.—*Teake v. Russell*, 2 Stew. 420; *Bynum v.
Sledge*, 1 Stew. & P. 135; *Ellis v. Bibb*, 2 Stew. 78; 3 Ala.
406; 17 Ala. 675; *Newdigate v. Lee*, 9 Dana, 117; *Wiswall v.
Sampson*, 14 Howard, 52; 2 Dana, 480.   Chancery has juris-
diction to subject the common-law separate estate of the
wife to the payment of her debts.—4 Porter, 44; 17 Ala. 797;
19 Ala. 616; 34 Ala. 535.   The original jurisdiction of equity
is not affected by statutes conferring jurisdiction on other
courts, unless the statute contains prohibitory words.—*Owen
v. Slatter*, 26 Ala. 547; *Brewer v. Br. Bank*, 24 Ala. 439; *Wal-
dron, Isley & Co. v Simmons*, 28 Ala. 629.

HERBERT & MURPHEY, *contra*, cited *Carter v. Wann*, 45
Ala. 343.

BRICKELL, C. J.—The appellees are husband and wife,
residing in this State, and the wife has a statutory separate
estate in lands.   The appellant has a debt, the consideration
of which is necessaries, or "articles of comfort and support
of the household, suitable to the degree and condition in life
of the family, and for which the husband would be responsi-
ble at common law."   For this debt, in an action against the
husband alone, the appellant recovered judgment before a
justice of the peace, on which execution was issued, and
returned *not satisfied*.   Thereupon, the appellant, under the
statute (R. C. § 2377), moved the justice for an order of sale
of the wife's separate estate.   The motion was heard, and the
justice adjudged the wife had a statutory separate estate in
certain lots, situated in the city of Montgomery, liable to the
satisfaction of the judgment.   The justice not having juris-
diction to order a sale of the lots, or to certify the proceed-
ings to the Circuit Court for an order of sale, the bill is filed
by the appellant, to obtain from the Chancery Court a decree
of sale.   A demurrer was interposed, the substantial ground
of which is, that a court of equity is without jurisdiction in
the premises.   The demurrer was sustained, and from the
decree sustaining it this appeal is taken.

The statute subjects a wife's statutory estate to liability
"for all contracts, for articles of comfort and support of the
household, suitable to the degree and condition in life of the

family, and for which the husband would be responsible at common law." The remedy for the enforcement of the liability is by action at law against the husband alone, or against the husband and wife jointly. If the suit is against the husband alone, judgment obtained, and execution thereon returned *not satisfied*, by motion to the court, an order of sale of the statutory separate estate may be granted.—R. C. §§ 2376–77.

The statute, as to the liability of the wife's estate, creates a right having no existence at common law. The right arises from the consideration of the contract, without regard to the agency of its creation. The contract may have been made in the absence of the wife, without her knowledge, and against her consent, express or implied; yet, if it is for necessaries, such as the husband at common law would be charged with *in invitum*, the separate estate of the wife is liable for its payment. The liability is a charge on the estate, not on the wife personally, and not affecting any other estate than that which the wife may own at the time the contract is made, and which exists at the time the proceeding is taken to subject it.—*Ravisies v. Stoddart*, 32 Ala. 599; *Childress v. Mann*, 33 Ala. 206; *Durden v. McWilliams*, 31 Ala. 438; *Bender v. Meyer*, at present term. At common law, the wife's equitable estate was not liable for necessaries supplied the family, in the absence of a promise by her to pay for them.—*Gunn v. Samuels*, 33 Ala. 201.

It is a fixed principle of the common law, that if a right exists, an appropriate remedy for its enforcement necessarily follows as an incident. This is true, however, only of common-law rights; and of these it is equally true, as a general proposition, if there is not an adequate remedy at law, a court of equity will intervene to correct the deficiency, and grant appropriate relief. But, if a statute creates a new right, and provides a specific remedy, that remedy is exclusive.—Sedg. on Stat. & Con. Law, 343; *St. Pancras v. Batterbury*, 2 Com. Bench (N. S.) 477. The mode of enforcing the statutory liability of the wife's separate estate has heretofore been declared exclusive at law.—*Rogers v. Brazeale*, 34 Ala. 512; *Carter v. Wann*, 45 Ala. 343. The death of husband or wife renders the pursuit of the statutory mode impossible, and, at law, prevents all redress. Whether a court of equity would have jurisdiction, redress in the statutory mode not being possible, has not been heretofore decided. The justice was certainly without jurisdiction to order a sale of the lands, and he had no authority to certify the proceedings to the Circuit Court, that an order of sale from that court might issue. The case is simply one for which the

statute has not provided; and the courts are powerless to extend the statutory remedy.

The inadequacy of legal remedies, when there is an acknowledged right, is often a ground of equitable jurisdiction. The jurisdiction of a court of equity is as well defined, and as clearly limited, as that of a court of law. Neither a court of law, nor a court of equity, can substitute another and different remedy for the one a statute creating a right may prescribe, or apply the statutory remedy to cases not within the letter or spirit of the statute. There are wrongs which neither a court of law nor a court of equity can relieve. It was long ago remarked by Lord TALBOT, "There are instances, indeed, in which a court of equity gives remedy, where the law gives none;" and added, "but, where a particular remedy is given by law, and that remedy is bounded and prescribed by particular rules, it would be very improper for this court to take it up where the law leaves it, and extend it further than the law allows."—1 Story's Eq. § 61. And in this case it would be improper for a court of equity to take jurisdiction to correct the deficiency of the remedy the statute prescribes to enforce the right it creates. The legislature did not extend the remedy to the case of a judgment rendered by a justice of the peace against the husband alone, when a sale of the wife's real estate becomes necessary for its satisfaction. Without legislation, there can be, in such case, no redress.

The decree of the chancellor is affirmed.