## MORTON vs. BRADLEY.

[ACTION UNDER CODE TO RECOVER DAMAGES FOR KILLING A SLAVE.]

1. *Civil action merged in felony.*—An action to recover damages for killing a slave cannot be maintained until there has been a prosecution for the felony; and the complaint, therefore, must aver such prosecution.

2. *What is sufficient averment of prosecution.*—An allegation that a prosecution was instituted against the defendant before the grand jury of the county, and that they refused to find a true bill against him for the killing,—held sufficient, on the authority of Nelson v. Bondurant, 26 Ala. 341.

3. *Statement of venue in complaint.*—When the name of the county is specified in the summons, and the complaint avers that the prosecution was had before the circuit court of "said county", the venue is laid with sufficient certainty.

4. *Specification of grounds of demurrer.*—Under a demurrer to the complaint because it does not show a sufficient prosecution, the objection cannot be raised that the venue is not well laid, since the Code (§ 2253) requires that the ground of demurrer must be distinctly stated.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. E. W. PETTUS.

THIS action was brought by John Morton against John Bradley, and the original complaint was as follows:— ·

"The plaintiff claims of the defendant $2,500, as damages for wrongfully killing a negro man slave, named Spencer, the property of the plaintiff, by shooting him with a gun, to-wit, on the 11th day of April, 1854, in the county aforesaid."

The defendant demurred to this complaint, assigning as the ground of his demurrer "that in the killing of said slave, as

alleged in the complaint, the defendant committed a felony, and the complaint does not show that he was prosecuted therefor before the commencement of this action." The court sustained the demurrer, but gave leave to the plaintiff to amend his complaint; and the complaint was thereupon amended by the addition of another count, in which, after repeating the previous allegations, the plaintiff averred "that afterwards, to-wit, at the Fall term, 1854, of the Circuit Court of said county, a prosecution was instituted against said defendant, before the grand jury for said county, at said term, and said grand jury did refuse to find a true bill against him for the killing of said slave; by means whereof this action accrues to plaintiff."

To the amended complaint the defendant interposed another demurrer, and assigned the following grounds of demurrer: "First, that in the killing of said slave, as alleged in said complaint, the defendant committed a felony, and said complaint does not show that he has been tried upon an indictment therefor; and, secondly, said complaint does not show that there has been any sufficient prosecution for said killing, to enable the plaintiff to maintain his said action.". The court sustained this demurrer, and again granted the plaintiff leave to amend his complaint; and another count was then added to the complaint, containing this averment: "And plaintiff avers, that afterwards, to-wit, at the Fall term of this court, 1854, he instituted a prosecution against the defendant, for said alleged killing, before the grand jury for said county, and caused diligent inquiry to be made by said grand jury, whether said alleged killing was a felony, and whether said defendant, by said killing, was guilty of a felony; and said grand jury, after diligent inquiry into said killing, did refuse to find any bill of indictment against said defendant, for any offence for killing said slave. And said plaintiff further avers, that said killing was not, by the laws of this State, a felony."

To the complaint, thus amended, the defendant again demurred, on the following grounds: "First, that from the killing of said slave, as alleged in said amended count, the law presumed that a felony was committed, and yet said complaint does not show that said defendant, before the com-

41

mencement of said action, was tried and convicted, or acquitted, therefor, nor said killing ; secondly, that the allegation that said killing was not a felony, is not sufficient to rebut the presumption that said killing was a felony ; thirdly, that the allegations in respect to the action of the grand jury are not sufficient to rebut the presumption that said killing was a felony ; fourthly, that said count does not show any sufficient prosecution of said defendant, nor said killing, to enable plaintiff to maintain his said action ; fifthly, that the allegations of said amended count, in respect to said prosecution before said grand jury, are not sufficient to enable plaintiff to maintain his action." The court again sustained the demurrer, and, the plaintiff declining to make further amendments, rendered judgment for the defendant.

The rulings of the court on the several demurrers are now assigned for error.

E. W. PECK, for the appellant, cited the case of Nelson v. Bondurant, 26 Ala. 341.

TURNER REAVIS, *contra*, contended that the several demurrers were properly sustained, because neither count in the complaint showed in what county the slave was killed, nor in what county the grand jury investigated the case, and therefore failed to show a sufficient prosecution ; that as no county was named either in the caption, margin, or body of the complaint, there was nothing to which the words " the county aforesaid" could apply; and that they could not be referred to the county named in the summons, because the summons and complaint are distinct things, and not parts of each other.

CHILTON, C. J.—The first count is clearly insufficient, as will appear by Martin's Ex'rs v. Martin, 25 Ala. R. 201. The demurrers to the two amended counts, which aver a prosecution of the defendant before the grand jury, and that said jury refused to find a true bill against him for the killing of the slave, should have been overruled. The case of Nelson v. Bondurant, 26 Ala. R. 341, sustains these two counts.

The objection, that the counts or plaints do not specify the

county in which the prosecution was had, is not tenable. The venue is laid in the summons, and it is averred in the complaint that the prosecution was had at the Fall term of the Circuit Court of "said county", &c. But the objection is untenable for another reason : it was not specified as one of the causes of demurrer, that the complaint failed to set forth the county in which the killing took place, and that the grand jury of that county had ignored a bill for the offence. The objection, to be available, must be distinctly stated in the demurrer.—Code, § 2253, p. 421. The general objection taken by the demurrer, that the complaint does not show a sufficient prosecution, merely raises the question whether a prosecution before a grand jury, and their refusal to find a bill of indictment, is sufficient, and not that the plaintiff should state the county in which the prosecution was had.

Judgment reversed, and cause remanded.