RODGERS' ADM'R vs. BRAZEALE.

[ACTION AGAINST ADMINISTRATOR OF DECEASED WIFE, ON OPEN ACCOUNT FOR ARTICLES OF FAMILY SUPPLY.]

1. *Demurrer to amended complaint.*—When the original complaint has been amended, by the addition of another count, a demurrer to the amended complaint, for causes to which the original count is not obnoxious may be overruled entirely.

2. *Error without injury in rulings on pleadings.*—The sustaining of a demurrer to a special plea, when the defendant had the benefit of the same facts under the general issue, is, at most, error without injury.

3. *Requisites of plea*—A plea which professes to answer the entire complaint, but which presents no defense to one of the counts, is bad on demurrer; so also is a plea which states a legal conclusion, instead of facts.

4. *When action lies not against wife's administrator.*—An action at law does not lie against the administrator of the deceased wife, to charge her separate estate with the payment of articles of " comfort and support of the household," (Code, § 1987,) furnished during the coverture.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by James K. Brazeale, against the administrator of Mrs. Malinda J. Rodgers, deceased. The original complaint was in these words: " The plaintiff claims of the defendant one hundred and eighty-five dollars, due from the defendant's intestate by account made by her during the years 1853, 1854, and 1855, for goods, wares and merchandise sold and delivered to her in her life-time, at her special instance and request; which sum of money, with the interest thereon, is now due and unpaid."

" The plaintiff had leave," says the judgment entry,

"to amend his complaint, which he did by filing an additional count;" and an "amended complaint" is copied in the record, in the following words: "The plaintiff claims of the defendant, as the administrator of Malinda Rodgers, deceased, one hundred and eighty-five dollars, due from him as such administrator, for merchandise, goods and chattels, sold by McInnis & Crum to Simeon Rodgers in the year 1853; and goods, wares and merchandise sold by Crum & Watson to said Rodgers in the year 1853; and for goods, merchandise and chattels, sold by B. D. Crum to said Rodgers in the year 1854. And the plaintiff avers, that the defendant's intestate, during all of the years 1853 and 1854, was a married woman, the wife of said Simeon Rodgers; and that said Malinda was married to said Simeon Rodgers, in the State of Alabama, in the year 1850; and that at the time of her marriage with said Simeon, and thereafter until her death, the said Malinda owned and possessed, as her sole and separate estate, a large estate consisting of slaves and other personal property; and that said estate was made the separate estate of said Malinda by virtue of her said marriage, and by the force and effect of the laws of Alabama; and that said Malinda, during the years 1853 and 1854, resided with her said husband in said county, and, during all that time, owned and possessed said separate estate under and by virtue of the act of 1848, commonly called the 'married-woman's law,' and of the statutes of said State. And the plaintiff further avers, that the goods, merchandise and chattels aforesaid were articles of comfort and support of the household, suitable to the degree and condition in life of the said Malinda; and that the said Simeon Rodgers, during the years 1853 and 1854, was insolvent; and that the said separate estate of the said Malinda, since her death, went into the possession of the defendant as her administrator; which sums of money, with the interest thereon, are now due, and the property of the plaintiff."

The defendant demurred to the amended complaint, on the following grounds: "1st, because an action cannot be sustained against the administrator of a deceased married woman, for articles sold her husband in her life-time;

2d, because it is not averred that the husband has been first sued, and a return of 'no property' had against him.'' The court overruled the demurrer, and the defendant then pleaded, "1st, *non assumpsit ;* 2d, coverture of his intestate; 3d, that there was no contract by the wife to bind her separate estate, and it is therefore not liable.'' The plaintiff demurred to the 2d and 3d pleas, and the court sustained the demurrer; and the cause was tried on issue joined on the 1st plea.

"On the trial,'' as the bill of exceptions states, "the plaintiff offered evidence tending to show that, at the dates of the several accounts sued on, the defendant's intestate was a married woman, and possessed a separate estate under the act of 1848. The accounts were contracted by her husband, in 1853 and 1854, during the coverture, and consisted entirely of articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law.'' "The defendant asked the court to instruct the jury, that the plaintiff could not maintain this action against him, even admitting that her [intestate's] separate estate would have been liable in her lifetime for the plaintiff's demand, because, according to the statute upon that subject, the husband was not and could not be joined with her as a defendant in the action; which charge the court refused to give, and the defendant excepted.''

The rulings of the court on the pleadings, and the charge to the jury, are now assigned as error.

D. S. TROY, for appellant.

PETTUS, PEGUES & DAWSON, *contra.*

R. W. WALKER, J.—1. The judgment entry informs us, that the "plaintiff amended his complaint by filing an additional count.'' The complaint, as amended, consisted therefore of the 'original' and the 'additional' counts; and the demurrer being to the amended complaint, was properly overruled, if either count was good, or was free from the specific objections pointed out by the demurrer.

Ferguson v. Baber, 24 Ala. 402. Neither of the causes specified in the demurrer applies to the original count, and there was, therefore, no error in overruling it.—Code, § 2253; Morton v. Bradley, 27 Ala. 640; McElhaney v. Gilleland, 30 Ala. 183.

2. If it be conceded that the second 'plea' is to be construed as averring that the defendant's intestate was a married woman at the time the contract was made, still, as this defense was admissible in evidence under the general issue, which was also pleaded, the sustaining of the demurrer was error without injury.—Rakes' Adm'r v. Pope, 7 Ala. 161; McKenzie v. Jackson, 4 Ala. 230; Stein v. Ashby, 24 Ala. 521; 1 Chitty's Pl. 511–13. We think that, under the act of 1853–4, (Pamphlet Acts '53–4, p. 60,) the plea of '*non assumpsit*,' where the action is in the nature of a common-law action of assumpsit, has the same scope and effect as the same plea according to common-law rules, and the same defenses are admissible under it.

3. The third plea professes to answer the entire complaint. It was obviously defective as an answer to the first count; and not constituting a defense to the extent to which it professed to go, and being, besides, objectionable because it stated a legal conclusion instead of facts, and also because it assumes that the wife's separate estate would not be liable, unless she herself made the contract, the demurrer to it was properly sustained.—Shepherd's Digest, 721, §§ 199, 200, and cases cited.

4. The bill of exceptions shows affirmatively, that the accounts proved by the plaintiff " were contracted by the husband of the defendant's intestate during the coverture, and consisted of articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law." Upon these undisputed facts, the wife would not be suable at law, except by virtue of sections 1987–8 of the Code. These sections provide the only modes in which the separate estate of the wife may be subjected by action at law. The forms of redress designated for this purpose are—first, an action against the

husband and wife jointly; second, an action against the husband alone, to be followed upon the return of the execution against him 'no property found,' by a motion against the wife for an order to sell her separate estate to satisfy the judgment. It is obvious that no authority is given for a suit in the first instance against the representative of the deceased wife. The charge asked should have been given by the court, as, upon the facts stated, the plaintiff could not maintain the action.

The judgment is reversed, and the cause remanded.