## FICKLING vs. BREWER.

[APPEAL CASE FROM JUSTICE'S COURT.]

1. *Note not extinguishment of debt.*—The giving of a note, without more, is not a satisfaction of the pre-existing indebtedness.
2. *Presumption in favor of judgment.*—Where the bill of exceptions does not purport to set out all the evidence, the appellate court will presume, against the appellant, that the primary court properly refused to instruct the jury, at his instance, that they must find for him if they believed the evidence.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. NAT. COOK.

THIS action was brought by John R. Brewer, against Mrs. Frances Fickling; was commenced in a justice's court, and thence transferred by appeal, at the instance of the defendant, to the circuit court, where the plaintiff filed a complaint, claiming of the defendant the amount of an account for certain necessary articles of family supply furnished to her during coverture; alleging that she was a married woman at the time, and that she owned a separate estate under the provisions of the Code. On the trial in the circuit court, the defendant reserved exceptions to the refusal of two charges to the jury as requested; and she now assigns as error the rulings of the court shown in the bill of exceptions.

PORTER & HENRY, for appellant.

STONE, J.—The assignments of error raise no question on the sufficiency of the complaint, the admissibility of evidence, or the judgment rendered in this cause. Hence, what we say in this opinion is not to be construed as committing us upon any of these propositions. See *Rodgers v. Brazeale*, 34 Ala. 512,

The only error assigned is, that "there is manifest error

in this, that the court erred as is shown in the bill of exceptions." The bill of exceptions shows only two matters to which the defendant excepted—1st, the court refused to charge the jury, at the instance of the defendant, "that a note having been given to Skipper by the husband of defendant, and received by him, and transferred to plaintiff, the account was merged in the note, and plaintiff could not recover on an account for what was the consideration of the note." The giving of a note, without more, is not a satisfaction of the pre-existing indebtedness.—*McCreary v. Carrington*, 35 Ala. 700 ; *Sharp v. Burns, ib.* 653; *Mooring v. Ins. Co.*, 27 Ala. 258; *Dorrance v. Jones, ib.* 630.

[2.] The second charge asked and refused was, " that if the jury believed the evidence, they must find for the defendant." The record does not inform us that it contains all the evidence; and we cannot presume either the existence or absence of evidence, as a reason for putting the circuit court in error. The presumptions are precisely the other way; and hence we must presume, if necessary, that there was evidence, not set out, which justified the court in withholding the instruction prayed for.—*School Commissioners v. Godwin*, 30 Ala. 242; *English v. McNair*, 34 Ala. 40; Shepherd's Digest, 572, §§ 145–146.

The assignment of error presents no ground for reversal, and the judgment of the circuit court is affirmed.

[APPEAL CASE FROM JUSTICE'S COURT.]

