# McWilliams *v.* Phillips.

*Bill in Equity to Enforce Vendor's Lien.*

1. *Effect of findings of primary court on questions of fact when presented for revision on appeal.*—Where the primary court is charged with the duty of ascertaining and determining matters of fact dependent upon the *viva voce* examination of witnesses, without the aid of a jury, this court will, on appeal, attach to its findings the force and effect of the verdict of a jury, which can not be disturbed, unless it is plainly erroneous —opposed to all the evidence; but this rule is not applied to the decision of a chancellor, based upon evidence wholly in writing, which, in the same form, and under the same circumstances, is presented to this court.

2. *Presumption in favor of judgment or decree of primary court.* Whether a judgment or decree is assailed, on appeal, for error of law, or error of fact, a presumption of correctness prevails until it is removed by the party complaining of error; and to justify its reversal, this court must see, and see clearly, that it is wrong—that error of law or of fact infects it.

3. *Evidence; burden of proof.*—When the burden of proving a particular fact is cast upon a party, if he fails to give evidence of it, or if the evidence in reference thereto is equally balanced, or does not generate a

[McWilliams v. Phillips.]

rational belief of the existence of the fact, leaving the mind in a state of doubt and uncertainty, he must fail for want of proof.

4. *Payment; burden of proof.*—Where one claims that a debt, the prior existence of which is admitted or proved, has been paid by the substitution of another security, whether it be of higher or of the same dignity as the debt, he assumes the burden of proving that the substituted security was taken and accepted in extinguishment of the debt.

5. *What a conditional payment merely.*—Where a creditor received from his debtor an order on a third party for lumber, deliverable at the latter's convenience, which was accepted, the presumption of law is, that the order was received as a conditional, and not as an absolute payment; and the condition on which the order was to operate as a payment, the delivery of the lumber, not having occurred, in the absence of evidence tending to show that any loss or injury resulted from the creditor's failure to make a demand for the lumber, the debtor is not entitled to a credit on the debt.

APPEAL from Franklin Chancery Court.

Heard before Hon. THOMAS COBBS.

The case made by the record is sufficiently stated in the opinion.

GEORGE C. ALMON, W. J. BULLOCK and WATTS & SONS, for appellant.

WM. COOPER, *contra.*

BRICKELL, C. J.—The bill was filed to enforce a lien on lands for the payment of a promissory note executed to the appellant, the vendor, by the appellee, the vendee. The making of the note, and that it was given for part of the purchase-money of lands, is not controverted. The matter of dispute is, whether an order drawn by Phillips on one Duly (and by him accepted) for the delivery of lumber to the appellant, was taken in payment of the note; or if not taken as unconditional payment, whether it was not taken as conditional payment, and the appellant, not having used any diligence to obtain the lumber, or to make the order available, has not lost the right to demand of the appellee payment of the note. The chancellor, upon a hearing on pleadings and proof, rendered a decree dismissing the bill. The assignments of error raise no other inquiry than the correctness of the chancellor's conclusions upon the disputed matters of fact.

There is much reluctance in appellate courts to revise the findings of fact on conflicting evidence made by primary courts. The law, however, devolves the duty, and it must be performed. The rules and principles upon which the court will proceed are settled by a long line of precedents. If the primary court is charged with the duty of ascertaining and determining matters of fact dependent upon the *viva voce* examination of witnesses, without the aid of a jury, there are obvious reasons for attaching

6

[McWilliams v. Phillips.]

to its findings, as this court has declared should be attached, the force and effect of the verdict of a jury, which can not be disturbed unless it is plainly erroneous, opposed to all the evidence. The rule is not applied to the decision of a chancellor passing upon evidence wholly in writing, which, in the same form, and under the same circumstances, is presented to this court. Whether a judgment or a decree is assailed for error of fact, or error of law, a presumption of correctness prevails; a presumption which is indulged, and which will support it, until it is removed by the party complaining of error. It may not clearly appear that the judgment or decree is right; if it does not so appear, the presumption applies and preserves it. To justify its reversal, the appellate court must see, and see clearly, that it is wrong—that error of law, or of fact infects it.—*Lehman v. McQueen*, 65 Ala. 570.

In the consideration of all questions of fact, it is not only important, but it is indispensable to a fair, just determination, to bear in mind upon which party lies the burden of proving the disputed fact—which party affirms its existence and claims advantage or benefit from it. When upon a party the law casts the burden and duty of proving a particular fact, if he fails to give evidence of it, the non-existence of the fact is assumed. Or if the evidence in reference to the fact is equally balanced, or if it does not generate a rational belief of the existence of the fact, leaving the mind in a state of doubt and uncertainty, the party affirming its existence must fail for want of proof.—*Lehman v. McQueen, supra.*

It is unquestioned that bills or notes, or engagements of any kind, whether of the debtor himself, or of a third person, will not operate as payment or satisfaction of an antecedent debt, unless it is shown that they were given and received as absolute payment. Payment of a debt is an affirmative plea and an affirmative fact, which must always be proved by the party averring it, and whoever claims that a debt, the prior existence of which is admitted or proved, has been extinguished by the substitution of another security, whether it be of higher or of the same dignity as the debt, assumes the burden of proving that the substituted security was taken and accepted in extinguishment. The extinguishment arises from the agreement of the parties, not from the nature or character of the security, that may form the consideration of the agreement, but there is no implication of law that it shall operate as a payment—no implication that one cause of action is substituted for another. The presumption of law is, that all such securities are taken as conditional, not as absolute payment of a pre-existing debt. 2 Am. Lead. Cas. 264, *et seq.*; *Fickling v. Brewer*, 38 Ala. 685. There is a want of all legal evidence, or of circumstances, from

which it may be justly inferred, that McWilliams accepted, or that Phillips offered the order on Duly as absolute, unconditional payment of his note for the purchase-money of the lands. The note was left in McWilliams' possession—there was no demand of it, or of its cancellation or destruction; and there is no reason assigned for the failure to demand it, or its cancellation, though Phillips, when the order was delivered, was on the eve of leaving the State, and on the day of its delivery he expressed his purpose to send money from Texas to his brother here, to pay the note. There is not only a want of all evidence showing that McWilliams agreed to take, and did take the order as payment of the note, but the evidence of such an agreement is inconsistent with all the established facts of the case.

The order expressed that the lumber was deliverable by *Duly* at his *convenience*. We do not understand that he could exercise his own choice and pleasure as to the time of its delivery—that he could prolong it indefinitely. He was not bound to an immediate delivery; but to a delivery within a reasonable time, determinable from the particular circumstances the parties had in view, when, with this stipulation, the order was given and accepted. If it appeared that on demand within such time, McWilliams could have obtained the lumber, and that loss or injury had resulted to Phillips from the failure to make the demand, it may be that McWilliams would be answerable for such loss or injury. But in the absence of all evidence tending to show that any loss or injury has resulted from the failure to demand the lumber, all that can be said is, that the order was a conditional payment, and that the condition on which it was to operate a payment has not occurred.—2 Am. Lead. Cases, 290.

The decree must be reversed and a decree here rendered, granting relief to the appellant.