# Ellerbee v. Cleveland & Hardwick.

*Action by Vendor for Price of Engine and Boiler.*

1. *Sale; burden of proof.*—In an action to recover the price of an engine and boiler alleged to have been sold by plaintiffs to defendants, both of the plaintiffs testifying to the sale as alleged, and both of the defendants testifying that the engine and boiler was not bought by them, but was shipped and sold by plaintiffs to a third person, on their order as agents for plaintiffs; the witnesses being presumed equally credible, and the burden of proof on plaintiffs, they must fail for want of proof, especially when there is evidence showing that defendants had acted as their agents in selling other engines.

[Ellerbee v. Cleveland & Hardwick.]

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by Cleveland & Hardwick, suing as partners, against G. H. Ellerbee, to recover the price of an engine and boiler alleged by plaintiffs to have been sold by them to Minnegerode & Ellerbee, a firm of which defendant was at the time a member. The defendant denied the purchase of the engine and boiler by Minnegerode & Ellerbee, and alleged that the same was shipped and sold, on their order as agents for plaintiffs, by plaintiffs to one Morrison. The case being submitted to the decision of the court without a jury, judgment was rendered for the plaintiffs; to which defendant excepted.

MARTIN & McEACHIN, for appellant.

MOUNTJOY & TOMLINSON, contra.

CLOPTON, J.—The controverted question of fact was, whether the engine and boiler, to recover the price of which appellees bring the suit, was sold to Minnegerode & Ellerbee, of which firm defendant was a member, or sold by them to Morrison as the agents of plaintiffs. The burden of proving a sale to defendants is on plaintiffs, and the evidence is conflicting. In such case, the observance and application of the rule, as to the party on whom rests the burden of proof, is oftentimes indispensable to a fair and just determination; for, if the evidence in reference to a disputed fact is in equipoise, or does not generate a rational belief in its existence, the party upon whom the law places the burden of proving such disputed fact, must fail for want of proof.—*Mc Williams v. Phillips*, 71 Ala. 80.

Both the plaintiffs testify, that the engine and boiler were sold to Minnegerode & Ellerbee, and that the latter never sold any engines and boilers for them on commission, but always bought them outright. On the other hand, both Minnegerode and Ellerbee testify as positively that they never bought engines and boilers outright, but always sold them as agents on commission, and that the engine and boiler in dispute was sold to Morrison in this manner, So far as the record discloses, all these witnesses are supposed to be equally credible. Were there no other evidence, the plaintiffs must fail, on the rule above stated, for want of proof. But the plaintiffs further testify, that Minnegerode & Ellerbee acted as their agents in Birmingham; that there was no special contract for the purchase of the engine and boiler shipped to Morrison, and that

[Moses Bros. v. Noble's Adm'r.]

the same was not included in the arrangement made in New York for the sales of several engines and boilers. The inquiry naturally arises, what was the character, extent, and business of the agency, if not to sell the engines and boilers which plaintiffs were manufacturing? and why, when acting as agents, did they buy them outright? Furthermore, the declarations and conduct of Cleveland, when in Birmingham some time after the transaction, are inconsistent with the theory that Minnegerode & Ellerbee bought the engine and boiler. Also, the letter of Minnegerode & Ellerbee ordering the shipment to Morrison, introduced in evidence by plaintiffs, when considered in its entirety, imports that they were acting as the agents of plaintiffs in making sales of engines and boilers. It speaks of other sales already made, and the probable delay in collection of the purchase-money; that plaintiffs, if they wish, can draw on them for five or six hundred dollars, and they would protect their draft, and remit the balance as soon as possible, expressing the hope to close other sales for plaintiffs; and closing by saying, "we have to meet the strongest competition from other builders, but will never make a sale, or advise you to make a shipment, unless we are satisfied the buyer will pay as he promises."

On the evidence, without considering that excluded by the court, plaintiffs have failed to show a right of recovery. The judgment is reversed, and judgment rendered for defendant.

Reversed and rendered.