# Wallace *v.* Myrick.

## *Assumpsit.*

(Decided April 11, 1911.  55 South. 259.)

1. *Novation; New Debtor.*—That one released his claim against another and accepted in lieu thereof the promise of a third party to pay the debt is a good defense to an action for work and labor done.

2. *Same; Instructions.*—A charge asserting that if the debtor furnished a third person's promise to pay the debt, the debtor was thereby released, was erroneous as ignoring the necessity of an acceptance of such promise by plaintiff and also as ignoring the contention that the original debtor was to remain secondarily liable.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

[Wallace v. Myrick.]

Action by E. C. Wallace against G. H. Myrick for work and labor done. Judgment for defendant and plaintiff appeals. Reversed and remanded.

The pleas set up that on the 20th day of May, 1908, the defendant sold a certain interest owned by him in a handle factory to one W. F. Cooper for the sum of $2,500; that $500 of said amount was paid by said W. F. Cooper to this plaintiff in full settlement of all indebtedness due by this plaintiff to said defendant; that this plaintiff was present at the time of said sale and when said agreement was made and participated therein, and received from Cooper $50 in cash on the said $500 so to be paid. Other pleas set up the contract of sale between Myrick and Cooper which contract contains a stipulation that Cooper should pay to Wallace in settlement of Myrick's debt to him the sum of $500, $50 in cash, and the balance in monthly installments of $30 each, until the full amount of $500 was paid, and it is alleged that the plaintiff was present and participated in the agreement and agreed to accept that amount in full settlement of the amount here sued on.

GEORGE D. MOTLEY, and W. H. STANDIFER, for appellant. Bills or notes or engagements of any kind will not operate as payment or satisfaction of an antecedent debt unless given and received in absolute payment. The presumption is that all such securities are taken as conditional, and not as absolute payment.—*McWilliams v. Phillips*, 71 Ala. 80; *White Star L. S. Co. v. Maragne*, 91 Ala. 610; *Fickling v. Brewer*, 38 Ala. 685; *Manser v. Sims*, 157 Ala. 167.

CULLI & MARTIN, for appellee. The court did not err in overruling demurrers to the plea or in giving the charge requested.—*Ga. H. I. Co. v. Boykin*, 137 Ala. 350.

DE GRAFFENRIED, J.—The plaintiff (appellant here) brought suit against the defendant for money alleged to be due for work and labor done for the defendant, at his request, by the plaintiff. The defendant filed, among others, two pleas stating in substance that the plaintiff should not recover because the plaintiff had released and discharged the defendant from any liability to him on account of the indebtedness sued on, by accepting in full discharge of the defendant's liability to him an agreement on the part of one W. F. Cooper to pay the said indebtedness. The plaintiff demurred to those two pleas of the defendant, but the court overruled the demurrer; and while the plaintiff excepted to the ruling of the court on the demurrer, and here assigns such ruling as error, the plaintiff does not insist in his argument upon the error so assigned, and the court is of the opinion that the pleas set up a substantial defense to the action, and that the court below committed no error in overruling the demurrers to them.

The testimony was conflicting as to whether the plaintiff had accepted the agreement of Cooper to pay defendant's indebtedness *in discharge of defendant's liability to him,* and this issue was for the jury. There was a judgment in the court below for the defendant, on the verdict of the jury.

The court, at the written request of the defendant, gave the following charge to the jury: "Charge No. 1. The court charges the jury that there is no dispute in the evidence that W. F. Cooper, at the time he purchased the handle machinery, agreed that purchase price of said machinery was $2,500; that $2,000 of the same was to be paid defendant, for which a mortgage was executed to the defendant for said $2,000; that the remaining $500 was to be paid the plaintiff. If the

[Wallace v. Myrick.]

jury are reasonably satisfied from the evidence that plaintiff consented thereto, and accepted a payment of $50 from W. F. Cooper, then the plaintiff is not entitled to recover in this case." The giving of this charge was error. It was not sufficient, in order that the defendant should be relieved from his liability to the plaintiff, if he was indebted to the plaintiff, that there should have been given to the plaintiff by the defendant an agreement on the part of W. F. Cooper to pay the debt; but there must have been, in order that the defendant should have been released from liability to the plaintiff, an agreement on the part of the plaintiff to accept the promise of W. F. Cooper to pay the debt in full satisfaction and discharge of the defendant's indebtedness.

It will be noticed that charge No. 1 ignores the legal requirement that the plaintiff should have accepted Cooper's agreement to pay the debt in full discharge of the defendant's liability to him, and withdraws from the consideration of the jury plaintiff's testimony that he expressly stipulated that, in the event Cooper did not carry out his agreement, defendant, nevertheless, should remain liable. The charge was faulty, in that it failed to hypothesize that essential averment of the plea.—*McWilliams v. Phillips*, 71 Ala. 80-82.

For the error indicated, this cause is reversed and remanded.