# Myrick *v.* Wallace.

## *Assumpsit.*

(Decided May 16, 1912. 57 South. 704.)

1. *Novation; Pleading; Assent of Parties.*—Pleas of discharge by novation are insufficient when attacked by demurrer, if they fail to show that the plaintiff accepted the third person's agreement to pay defendant's debt in full discharge of defendant's liability.

2. *Evidence; Admissions; Writing.*—A bill of sale executed by a defendant to a third person containing an express admission of the existence of a debt due from defendant to plaintiff is admissible in an action of assumpsit between the parties.

3. *Same; Parol to Vary Writing.*—The rule against contradicting writing by parol is confined to suits between the parties to the writings, and their privies; and when questioned collaterally in a suit to which a third person, a stranger to the writing, is a party, neither party is estopped from contradicting it or proving facts inconsistent with it.

[Myrick v. Wallace.]

4. *Assumpsit; Pleading; Issue and Proof.*—Where the action is on account for work and labor done and stated and open account, a defendant is entitled, under his plea of the general issue, to offer evidence of previous statements or admissions made by the plaintiff inconsistent with his testimony to the effect that defendant was indebted to him and to prove that he was not indebted to plaintiff.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Assumpsit by E. C. Wallace against G. H. Myrick. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint was in the common counts. The pleas were as follows:

(4) "The defendant says that he does not owe plaintiff anything claimed in said complaint, for the reason that on the 28th day of May, 1909, this defendant sold a certain interest owned by him in a handle factory to one W. F. Cooper for the sum of $2,500; that $500 of said amount was to be paid by said Cooper to this plaintiff in full settlement of all indebtedness due by this defendant to said plaintiff; that this plaintiff was present at the time of said sale, and when said arrangements were made, and participated therein, and received of said Cooper $50 in cash on said $500 to be paid: hence defendant says by reason of said novation he is not liable."

(5) "The defendant says that plantiff released this defendant from the payment of the amount claimed in said complaint on or about the 28th day of May, 1908, and accepted from one W. F. Cooper $50 in cash, and his promise to pay plaintiff $30 per month until the sum of $500 was paid, in full discharge of the amount claimed in said complaint. That on the 28th day of May, 1908, this defendant and said W. F. Cooper entered into the following agreement, by and with the consent of this plaintiff, and this plaintiff participated in

the making of said agreement, to wit: 'I, G. H. Myrick, for and in consideration of the sum of $2,500, to be paid by W. F. Cooper in the following manner and way, to wit: $2,000 to be secured by said Cooper's promissory notes, payable in monthly installments of $30 each, beginning with the month of ——, and on the 1st day thereof, and to continue at that rate until the sum of $360 has been paid, and at the expiration of said time that balance remaining unpaid shall draw interest at the rate of 8 per cent, but not before the 12 months has elapsed, and said balance shall be due and payable. $500 of the purchase price is to be paid by the said Cooper to E. C. Wallace in settlement of a debt due by me to said Wallace, and said sum of $500 is to be paid said Wallace, $50 cash balance in monthly installments of $30 each, beginning with the —— day of ——, 1908, and continuing at said rate until the full amount of $500 has been paid—do hereby sell, transfer and deliver unto the said W. F. Cooper the following described property, to wit: One lot of axe handle machinery appliances and fixtures now located at plant near Consolidated furnace in Ewing Addition to the city of Gadsden, and consisting of 50 H. P. Wheelan engine, and one 60 H. P. boiler, same make, with fixtures and connections, 90 feet more or less of line of shafting and pulleys and belting, three axe handle laths, two double belting machines; 1 slab, 1 block, and 1 box saw, 1 trimmer, 1 disk header, all cable tram cars and tracking now on said premises, and all tools and other fixtures, appliances, and machinery of said plant, and said property is sold free from any claims or liens against same, and a perfect title is given said Cooper this 28th day of May, 1908.' That defendant was present and participated in said above agreement; and it was then and there agreed that $500 was all that was due from de-

[Myrick v. Wallace.]

fendant to plaintiff, and said plaintiff agreed to accept said amount from said W. F. Cooper in full settlement of the amount here sued on."

(7) "The defendant says that he is not liable to the plaintiff in this suit, for that after the defendant became indebted to plaintiff for the work and labor done and the account here sued on, and before the bringing of this suit, there was a novation, in this: That this plaintiff and this defendant agreed that the amount so due from plaintiff to defendant was the sum of $500; that the defendant, after said agreement, sold certain machinery, mentioned in a bill of sale set forth in plea 5, to one W. F. Cooper for the sum of $2,500; that at said sale plaintiff was present, and it was then and there agreed by and between said W. F. Cooper, this plaintiff, and this defendant that of said purchase price to be paid by said Cooper $2,000 was to be paid to the defendant, and $500 was to be paid by said Cooper to this plaintiff in full satisfaction of said debt here sued on; that this plaintiff agreed to said arrangement and discharged this defendant therefrom."

The ninth plea is a plea of release and discharge, based on the same state of facts as set up in plea 4.

Plea 10 is the plea of estoppel and ratification, based on the same facts as set up in plea 4, with the additional allegation that by the action of the plaintiff defendant was deprived of the $500, and received only $2,000 for his machinery.

CULLI & MARTIN, for appellant. The court erred in sustaining demurrers to pleas 7, 9 and 10. The plea of the general issue was interposed, and this cast the burden on the plaintiff to prove his complaint.—*Am. O. E. Co. v. Ryan,* 112 Ala. 337; *Lundsford v. Walker,* 93 Ala. 38; *Petty v. Dill,* 53 Ala. 645. One partner can-

not sue a co-partner in a court of law as to matter concerning the partnership.—*McPherson v. Robertson*, 82 Ala. 459; *DeJarnett v. McQueen*, 31 Ala. 230. The court, therefore, erred in admitting evidence along this line. The court also erred in refusing to admit evidence of statements or admissions on the part of the plaintiff inconsistent with his evidence in the case.—*Pinkard & Lay v. Bramlett*, 165 Ala. 327; *Holly v. State*, 105 Ala. 100; *Thornton v. Savage*, 120 Ala. 449; *L. & N. v. Tegnor*, 125 Ala. 593; 1 Greenl. 15th ed. sec. 462. The contract of sale being collateral and the plaintiff not being a party to it, its admissions could be explained or denied without violating the rule against varying writings by parol.—*Robinson v. Moseley*, 93 Ala. 70; *Coleman v. Pike Co.*, 83 Ala. 326; *B. A. Mtg. Co. v. Cody*, 135 Ala. 622.

GEORGE D. MOTLEY, for appellee. The court properly sustained demurrers to the plea.—*Wallace v. Myrick*, 55 South. 259; *McWilliams v. Phillips*, 71 Ala. 80; *U. S. F. & G. Co. v. Habil*, 138 Ala. 348. Testimony as to partnership was not admissible.—*Duramus v. Harrison*, 26 Ala. 326; *Clark v. Jones*, 87 Ala. 474. Where it clearly appears that plaintiff is entitled to recover erroneous rulings on evidence are without injury.—*Harrison v. Palmer*, 76 Ala. 157; *Bolling v. M. & M. R. R. Co.*, 128 Ala. 550.

WALKER, P. J.—It follows from the ruling made when this case was here on a former appeal (*Wallace v. Myrick*, 1 Ala. App. 572, 55 South. 259) that the court did not err in sustaining the plaintiff's demurrers to the defendant's pleas numbered 4, 5, 7, 9, and 10, as the averments of neither of those pleas showed that the plaintiff accepted Cooper's agreement to pay the de-

fendant's debt, which is here sued on, in full discharge of the defendant's liability for that debt.

The bill of sale executed by the defendant to Copper was properly admitted in evidence against the defendant, as it contained an express statement or admission of the existence of a debt due by him to the plaintiff, and so supported averments of the plaintiff's complaint. But that paper evidenced a contract between the defendant and Cooper, to which the plaintiff did not purport to be a party. It did not evidence a contract between the plaintiff and the defendant, or form the basis of an estoppel against the latter in favor of the former. The admission made in it by the defendant of the existence of a debt due by him to the plaintiff was not conclusive against him in favor of the plaintiff in this suit, but was open to rebuttal or explanation. In this suit it was permissible for the defendant to contradict his statement made in a contract between him and Cooper, to the effect that he was indebted to the plaintiff, and, under his plea of the general issue, to introduce evidence tending to prove that the debt which he admitted in that contract with Cooper was never owing by him, or by any one else. "The rule against varying or contradicting writings by parol obtains only in suits between, and is confined to, parties to the writings and their privies, and has no operation with respect to third persons, nor even upon the parties themselves in controversies with third persons. * * * But this rule is confined in its operation to the parties to the written instrument; where it comes in question collaterally, in a suit to which a third person, a stranger to the writings, is a party, neither party is estopped from contradicting it, or from proving facts inconsistent with it."—*Robinson v. Moseley,* 93 Ala. 70, 9 South. 372; *Troy Fertilizer Co. v. Norman,* 107 Ala. 667, 18 South. 201; *British & Amer-*

*ican Mortgage Co. v. Cody,* 135 Ala. 622, 33 South. 832; Jones on Evidence, § 296.

To the plaintiff's complaint containing counts for work and labor done, and on open and stated accounts, he pleaded the general issue, as well as several special pleas. In support of his plea of the general issue, it was permissible for the defendant to offer evidence of previous statements or admissions made by the plaintiff, which were inconsistent with his testimony to the effect that the defendant was indebted to him, and to prove that the plaintiff was not in fact a creditor of the defendant, but that his relation with the business, in the operation of which he claimed that the defendant became indebted to him, was that of a partner in the business; and that the creation of a debt due to him was not as a result of the transactions in reference to which he deposed.

By several rulings of the trial court, to which exceptions were duly reserved, evidence offered by the defendant was excluded which, under the ruling just stated, should have been admitted. Because of the errors involved in such rulings, the judgment appealed from must be reversed.

Reversed and remanded.