## MITCHELL et ux. v. McSHANE LUMBER CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 8, 1915. Rehearing Denied March 8, 1915.)

No. 2585.

1. Adverse Possession ⬤⟶50 — Estoppel by Taking Lease — Persons to Whom Estoppel is Available.

The acceptance by a person, claiming title to land by adverse possession, of a lease of a league of land embracing that so claimed, though an admission that he did not hold the land as his own, was not conclusive against him in favor of a stranger to the lease, and did not prevent him from proving his adverse possession, as the parol evidence rule applies only to the parties and their privies, and has no operation with respect to third persons, nor even upon the parties themselves in controversies with third persons.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 255–261; Dec. Dig. ⬤⟶50.]

2. Adverse Possession ⬤⟶115—Evidence—Questions for Jury.

Where, in an action involving the title to land, the evidence was conflicting whether plaintiffs' adverse possession was interrupted, the ques-

tion was for the jury, and the court erred in ruling that there was no evidence to support a finding for plaintiffs.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 314, 691–701; Dec. Dig. ☞115.]

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Action by B. D. Mitchell and wife against the McShane Lumber Company and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

John L. Little, of Kountze, Tex., and W. D. Gordon and Thos. J. Baten, both of Beaumont, Tex., for plaintiffs in error.

Stuart R. Smith, of Beaumont, Tex., and Leon Sonfield, of Houston, Tex. (Smith & Crawford, of Beaumont, Tex., and Campbell, Sonfield, Sewall & Myer, of Houston, Tex., on the brief), for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. [1] The testimony of the plaintiff B. D. Mitchell was to the effect that he had lived on the land in question since 1889 and had been asserting claim to it since that time. He did not deny the making of the contract with the Beaumont Lumber Company, which showed a lease by that company to him of the league of land which embraces the 160 acres sued for, but explicitly stated that he never relinquished his claim to the 160 acres, but claimed it all the time. The tendency of this evidence to prove adverse possession of the land in question by the plaintiffs for the length of time required to confer upon them the legal title was not as a matter of law destroyed by the proof of the execution by one of them of the lease contract above mentioned. That contract evidenced an admission by B. D. Mitchell that he held the land, not as his own, but as the tenant of another; but that admission was not conclusive against him in favor of the defendant in this suit. In this suit it was permissible for the plaintiff B. D. Mitchell to contradict or explain away the statement or admission shown by his signing the lease contract, which embraced a league of land, and to prove that he in fact claimed the land sued for as his own all the time. That instrument did not give rise to an estoppel upon him in favor of the defendant to the suit, which is a stranger to that instrument, or debar him from proving that the fact was other than what the instrument indicated that it was.

"The rule against varying or contradicting writings by parol obtains only in suits between, and is confined to parties to the writings and their privies, and has no operation with respect to third persons, nor even upon the parties themselves in controversies with third persons. * * * But this rule is confined in its operation to the parties to the written instrument. When it comes in question collaterally, in a suit to which a third party, a stranger to the writings, is a party, neither party is estopped from contradicting it, or from proving facts inconsistent with it." Robinson v. Moseley, 93 Ala. 70, 9 South. 372; Myrick v. Wallace, 5 Ala. App. 398, 59 South. 704; Johnson v. Portwood, 89 Tex. 235, 34 S. W. 596, 787; Barreda v. Silsbee, 21 How. 146, 169, 16 L. Ed. 86; Sigua Iron Co. v. Greene, 88 Fed. 207, 31 C. C. A. 477; 17 Cyc. 750; Jones on Evidence, § 296.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The case of Robinson v. Bazoon, 79 Tex. 524, 15 S. W. 585, which is much relied on by the counsel for the defendants in error, was one between the parties to a written contract relating to the land which was the subject of the suit. The rule there applied was the familiar one which forbids either party to such a contract in a suit between him and another party to it by parol evidence to contradict or vary the terms or effect of the contract. In the opinion rendered in that case it was recognized that that rule would not have applied in favor of the plaintiff if he had been a stranger to the contract made by the defendants; the court saying of the case with which it was dealing:

"It is not like the case of Portis v. Hill, 14 Tex. 69 [65 Am. Dec. 99], in which it was held that the mere acknowledgment of title in a third party did not preclude the defendants from claiming that their possession was adverse to the plaintiff."

[2] The situation developed by the evidence was that some of it—that showing the making of the lease contract—tended to prove that the plaintiffs' adverse holding was interrupted on the 4th day of May, 1898, while some of it tended to prove that the plaintiffs' adverse holding was not terminated or interrupted by that incident. This state of the evidence made the question in issue one for the jury; and the court erred in its ruling to the effect that there was no evidence to support a finding in favor of the plaintiffs.

The judgment of the court below is reversed, and the cause is remanded.